USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/10/23

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:23-cv-2431-VM |
| vs. | ) |
| | ) **STIPULATION AND** |
| BY KIY LLC, | ) **PROTECTIVE ORDER** |
| NICKWON ARVINGER, | ) |
| DAVID WEEKS | ) |
| | ) |
| Defendants. | ) |
| | ) |

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Protective Order"), it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. **Definitions**.

    a. <u>Action</u>: The above-captioned litigation, *Nike, Inc. v. By Kiy LLC, et al.,* Case No. 1:23-cv-2431-VM (S.D.N.Y.), and any appeals therefrom.

    b. <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of Discovery Material under this Protective Order.

    c. <u>Consultant</u>: Person who (1) has been retained by a Party or its Counsel to serve as a consultant in this Action, (2) is not a past or current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party.

d.      Counsel (without qualifier): Outside Counsel of Record and In-House Counsel.

e.      Designated Information:  Any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Designated Information shall not include materials that have been published or publicly disseminated, or that are otherwise publicly available before their disclosure in this Action.

f.      Designating Party:  A Party or Non-Party that designates Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

g.      Discovery Material:  All items or information, including from any Party or Non-Party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

h.      Expert:  Person with specialized knowledge or experience in a matter pertinent to this Action who (1) has been retained by a Party or its Counsel to serve as an expert witness in this Action, (2) is not a past or current employee of a Party, for the avoidance of doubt, consultants who had previously worked for a Party are not considered past employees (provided, however, that the Parties reserve their right to object to these experts pursuant to Paragraph 8), and (3) at the time of retention, is not anticipated to become an employee of a Party.

i.      In-House Counsel:  Counsel employed by a Party to this Action with responsibility for managing this Action.   In-House Counsel includes support staff

2

employed by a Party to this Action who have responsibility for supporting In-House Counsel in connection with managing this Action.

j.      Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

k.      Outside Counsel of Record:  Attorneys who are counsel of record for a Party in this Action and have appeared in this Action on behalf of that Party or are partners or employees of a law firm that has appeared on behalf of that Party and that have responsibilities relating to this Action.  Outside Counsel of Record includes support staff employed by a Party to this Action who have responsibility for supporting Outside Counsel of Record in connection with managing this Action.

l.      Party:  Any party to this Action and, collectively all, "Parties."

m.      Producing Party:  A Party or Non-Party that produces Discovery Material in this Action.

n.      Professional Vendors:  Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

o.      Receiving Party:  A Party that receives Discovery Material from a Producing Party.

2.      **Confidential Designation**.  Counsel for the Producing Party may designate any of its produced Discovery Material, in whole or in part, as "CONFIDENTIAL" if Counsel determines, in good faith, that it contains confidential, proprietary, or commercially sensitive information that have not been publicly disclosed or information that otherwise qualifies for

protection under Federal Rule of Civil Procedure 26(c).  Such Discovery Material shall be stamped "CONFIDENTIAL."

3.      **HIGHLY Confidential Designation – Attorneys' Eyes Only**.  Counsel for the Producing Party may designate any of its produced Discovery Material,  in whole  or in part, as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," if Counsel determines, in good faith, that the protections afforded to CONFIDENTIAL information are insufficient to protect the Producing Party from the risk that disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. Such Discovery Material shall be stamped "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.      **No Mass Designations**.  The Parties agree not to mass designate documents or categories of documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL.  Rather, the Parties agree to make all designation determinations on a document-by-document basis.   For the avoidance of any doubt, the Parties do not intend for this Paragraph to constitute a waiver of any applicable privilege, including the attorney work-product privilege.

5.      **Limited Use of Designated Information**.   All "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material shall be used by the Receiving Party solely for purposes of the prosecution or defense of this Action, shall not be used by the Receiving Party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the Receiving Party to anyone other than those set forth in Paragraphs 6 and 7, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of the Court.  It is, however, understood that counsel for a Receiving Party may give advice and opinions to his or her client solely relating to this Action based on his or her evaluation of "CONFIDENTIAL" and  "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY"  material, provided that such advice and opinions shall not reveal the content of such "CONFIDENTIAL" and  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material.

6.   **Disclosure of "CONFIDENTIAL" Information**.  Discovery Material designated as "CONFIDENTIAL" shall be disclosed only in accordance with this Protective Order and only to the following persons:

a.   <u>Outside Counsel of Record</u>.  The Receiving Party's Outside Counsel of Record in this Action;

b.   <u>Parties</u>.  Individual parties or officers or employees of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

c.   <u>In-House Counsel.</u>  Up to five (5) of the Receiving Party's In-House Counsel who have signed the Agreement to be Bound (<u>Exhibit 1</u>), as well as their support staff employed by the Receiving Party to this Action who have responsibility for supporting In-House Counsel in connection with managing this Action and who need not separately sign the Agreement to be Bound (<u>Exhibit 1</u>);

d.   <u>Experts and Consultants</u>.   Experts and Consultants assisting in the prosecution or defense of this Action who have signed the Agreement to Be Bound (<u>Exhibit 1</u>) and been cleared pursuant to Paragraph 8 of this Protective Order, as well as their administrative staff to the extent necessary to assist such outside consulting or testifying experts in the conduct of this Action and who need not separately sign the Agreement to be Bound (<u>Exhibit 1</u>) provided that they are contractually bound to keep confidential their work on the engagement;

e.    Court Reporters.  Stenographic and videotape court reporters engaged in proceedings incident to preparation for deposition of trial in this Action and to whom disclosure is necessary;

f.    Court Personnel.  The Court and its personnel (including the mediator, or other person having access to any Designated Information by virtue of his or her position with the Court);

g.    Drafters or Recipients.  Any person who was an author, addressee, or intended and authorized recipient of the material provided, however, that other than at deposition or trial, if the person to whom disclosure is made is a former employee of a Producing Party then the disclosure shall be made only after the following conditions have been satisfied:  (a) the Producing Party has received notice of the proposed disclosure; and (b) the Producing Party has approved the disclosure pursuant to this Paragraph or the Court has ruled that the person may receive the material.  Each such Producing Party shall have seven (7) calendar days from the date of notice to object.  Any objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all Parties.  Failure to object within the applicable time period shall constitute approval of the disclosure by the Producing Party.  If the Parties are unable to resolve the Producing Party's objections, then application may be made to the Court to resolve the matter.  The burden of persuasion in this situation shall be on the Producing Party.

h.    Producing Party Witness.  Persons described in Paragraph 9.

i.    Jury or Trial Consultants.  Subject to the conditions set forth in Paragraph 8, jury or trial consultants retained by counsel for the Parties for the purpose of trial

preparation in the Action, their employees, and any mock jurors engaged by such jury or trial consultants in connection with trial preparation in the Litigation.

        j.    <u>Litigation Vendors</u>.  Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, litigation support personnel, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials and provided that they have signed the Agreement to be Bound (<u>Exhibit 1</u>).

7.    **<u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>** **<u>Information</u>**. Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  shall be disclosed only in accordance with this Protective Order and only to the persons identified in Paragraphs 6(a), and 6(c) - 6(j).

8.    **<u>Agreement to be Bound</u>**.  All proposed In-House Counsel, Experts, Consultants, jury or trial consultants, and vendors may receive "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material subject to the terms of Paragraphs 6 and 7, and only after the proposed recipient has executed the undertaking attached hereto as <u>Exhibit 1</u>.  (The administrative and clerical staff of an outside consulting or testifying expert, jury or trial consultant, or vendor shall be deemed to have signed the undertaking in the form of <u>Exhibit 1</u> when the outside consulting or testifying expert, jury or trial consultant, or vendor supervising such individuals has executed the undertaking.  Mock jurors shall also be deemed to have signed the undertaking in the form of <u>Exhibit 1</u> when the jury consultant or supervising employee has executed the undertaking, provided however that mock jurors shall have executed a written confidentiality agreement providing that "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" material shall not be disclosed to others and shall be used only on connection with the mock jury exercise.)  In addition, all proposed Experts and Consultants shall be permitted to access "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material only after the following additional conditions have been satisfied:

      a.      The Agreement to be Bound has been served on the Producing Party together with the following information:  (A) a current and complete resume or curriculum vitae showing all employment history for the past five (5) years; (B) an identification of all consulting or client relationships for the last five (5) years (provided that where there is a contractual obligation of confidentiality, a statement of the general nature of the client's business operations including whether they are involved in electronic trading may suffice for the initial disclosure); (C) a list of publications from the last five (5) years; (D) a list of prior deposition or trial testimony in civil or criminal actions in which they have testified for the past five (5) years, including the case number, court, and whether deposition or trial testimony was provided; and (E) all current professional relationship(s) with any of the Parties, any known competitor of the Parties, any entity in any business relating to footwear.

      b.      The Producing Party has approved the proposed recipient, failed to object within the prescribed ten (10) calendar day period, or the Court has ruled on an application that the proposed recipient may receive the "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material.  The Producing Party shall have ten (10) calendar days after notice complying with the requirements of Paragraph 8(a) is received to object to the disclosure of the Designated Information to the person(s) identified.  Any objection shall be made in good faith, stating with particularity the reasons

for the objection, and must be served in writing on all Parties.  Failure to object within the period referenced above shall be deemed approval, and the person(s) shall thereafter be qualified to have access to the "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material of the Producing Party.  Should the Parties be unable to resolve an objection, then the Party objecting to the disclosure shall raise this matter with the Court and request an Order restricting such person's access to the "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material.  Failure to raise this matter with the Court within twenty-one (21) calendar days after actual receipt of the objection by the notifying party shall be deemed approval (unless this period is tolled by agreement), and the person(s) shall thereafter be qualified to have access to the "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material.  The objecting party shall have the burden of persuasion before the Court.

9.     **Use During Examination or Cross-Examination**.   Nothing in this Protective Order shall limit a Party's ability to use "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to examine or cross-examine deposition or trial witnesses (a) who are current officers, employees, agents, partners, contractors, attorneys, or consulting or testifying experts of the Producing Party from which the "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material originated or was received; and/or (b) whom the Producing Party has designated under Federal Rule of Civil Procedure 30(b)(6).

10.     **Inadvertent Failure to Designate**.

a.     The inadvertent or unintentional production of "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material without proper

designation, shall not be deemed a waiver in whole or in part of a Producing Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.

b.      Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the Discovery Material was produced that the Discovery Material should have been designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material.  The Receiving Party to whom such Discovery Material was produced shall treat such Discovery Material as designated by counsel's written notice, and shall also make good faith efforts to retrieve any previously disclosed "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material from unauthorized recipients.  If the Receiving Party is unable to arrange for the return or destruction of such documents and things from unauthorized individuals, the Receiving Party shall notify the Producing Parry within fourteen (14) calendar days of notice from the Producing Party of the identity of such unauthorized persons and the efforts made to secure the return or destruction of the information.  The Receiving Party's disclosures, prior to the receipt of notice from the Producing Party of a new designations, of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to unauthorized persons shall not be deemed a violation of this Protective Order.

c.      The Producing Party shall promptly provide substitute copies of the Discovery Material bearing the appropriate confidentiality legend.  Within ten (10) calendar days of receipt of the substitute copies of the produced material, the Receiving Party shall return or destroy originally produced material and not retain any copies thereof.

      d.      If the Receiving Party disagrees with the re-designation of the Discovery Material it may challenge the confidentiality designation pursuant to and in the manner prescribed in Paragraph 15.  The Receiving Party must nevertheless comply with the terms of this Paragraph through the pendency of any challenge.

      11.    **Maintenance of Designated Information**.  "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material shall be securely maintained at all times with reasonable precautions taken to ensure that access to such material is restricted only to persons entitled to have such access pursuant to this Stipulated Protective Order.

      12.    **Depositions**.  With respect to any depositions that involve a disclosure of "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material of a Party to this Action, such Party shall have until thirty (30) days after receipt of the final deposition transcript within which to inform all other parties that portions of the transcript are to be designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, which period may be extended by agreement of the parties.  No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraphs 6(a) and 6(c) through 6(j) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraphs 6(a) and 6(c) - 6(j) during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," all

parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Order.

13.     **Designated Information Subpoenaed or Ordered Produced in Other Litigation**.  This Protective Order in no way excuses noncompliance with a lawful subpoena or court order.  The purpose of the duties described in this section is to alert the interested parties to the existence of this Protective Order and to give the Producing Party an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.  If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items received by that Party in this Action and that is Designated Information, the Receiving Party must do the following:

        a.      Promptly notify the Producing Party in writing.  Such notification shall include a copy of the subpoena or court order.

        b.      Promptly notify in writing the Party or Non-Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Order.

        c.      Cooperate with all reasonable procedures sought by the Producing Party whose material may be affected.

        d.      If the Producing Party promptly seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any Designated Information in this Action before a determination by the court where the subpoena or order issued, unless the Receiving Party has obtained the Producing Party's permission.  The

Designating Party shall bear the burden and expense of seeking protection of its Designated Information in that court.

14.    **Personally Identifying Information**.   Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential.

15.    **Confidentiality Challenges**.   If counsel for a Party receiving documents or information designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material objects to such designation of any or all of such items, the following procedure shall apply.

      a.    Counsel for the Challenging Party shall serve on the Producing Party a written objection to such designation, which shall describe with particularity the specific and/or documents or information in question and shall state all grounds for each objection. Counsel for the Producing Party shall respond in writing to such objection within fourteen (14) calendar days, and shall state with particularity the grounds for asserting that the document or information is "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material or shall adjust the designation.  The parties shall thereafter meet and confer in good faith in an effort to resolve the dispute.

      b.    If a dispute cannot be resolved by agreement, the parties may present the dispute to the Court initially by letter, in accordance with Local Civil Rule 37.2, before filing a formal motion for an order regarding the challenged designation.  The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

16.    **Inadvertent Production of Privileged Material**.

a.    The inadvertent or mistaken disclosure of any information, document or thing protected by attorney-client privilege, work-product immunity, or any other applicable privilege, doctrine or immunity ("Inadvertently Produced Privileged Material") will not be deemed a waiver of or estoppel as to any claim of privilege, protection, or immunity.  The Producing Party may notify the other parties of the Inadvertently Produced Privileged Material by identifying the material and stating the basis for withholding such Inadvertently Produced Privileged Material.

b.    Upon receiving notification of Inadvertently Produced Privilege Material, the Parties possessing said material shall within five (5) calendar days return or destroy the Inadvertently Produced Privileged Material and all copies thereof, and shall expunge from any other document or material information derived solely from the Inadvertently Produced Privileged Material, and provide a certification of counsel that all such information has been returned or destroyed.

c.    Within five (5) calendar days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Produced Privilege Material.

d.    After the Inadvertently Produced Privileged Material is returned or destroyed pursuant to this Paragraph, a Party may move the Court for an order compelling production of the Inadvertently Produced Privileged Material, but said Party may not assert as a ground for compelling production the fact or circumstance that the Inadvertently Produced Privileged Material had already been produced.  The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Produced

Privileged Material.  Nothing in this Order shall limit the right of any party to request an *in camera review* of the Inadvertently Produced Privileged Material.

e.       The Parties recognize that this protection is stricter than that provided for under Federal Rule of Civil Procedure 26(b)(5)(B).

17.      **Unauthorized Use and Disclosure**.

a.       If  "CONFIDENTIAL"  and/or  "HIGHLY  CONFIDENTIAL  – ATTORNEYS' EYES ONLY" material is disclosed to any person other than in the manner authorized  by  this  Stipulated  Protective  Order  ("Unauthorized  Person"),  the  Party responsible  for  the  unauthorized  disclosure,  and  any  Party  with  knowledge  of  the unauthorized disclosure shall, immediately upon learning of such disclosure, inform the Producing  Party  of  all  pertinent  facts  relating  to  such  disclosure  including,  without limitation,  an  identification  of  the  "CONFIDENTIAL"  and/or  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" disclosed and the Unauthorized Persons to whom the disclosure was made.

b.       The  Party  responsible  for  the  disclosure  also  promptly  shall  take  all reasonable measures to recover the material disclosed without authorization and to ensure that no further or greater unauthorized disclosure or use of such information or materials is  made  by  doing  the  following,  without  limitation:  (i)  promptly  informing  the Unauthorized Person that the material contains "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material and of the provisions of this Protective Order; (ii) requesting that the Unauthorized Person sign an Agreement to be Bound (Exhibit 1) to be promptly provided to the Producing Party; and (iii) retrieving all copies  of  "CONFIDENTIAL"  and/or  "HIGHLY  CONFIDENTIAL  –  ATTORNEYS'

EYES ONLY" material disclosed to the Unauthorized Person.  The Producing Party and Party that disclosed the "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall cooperate in good faith in this effort.

c.      Any person found to have made an impermissible use of any Designated Information will be subject to, without limitation, appropriate civil penalties, including contempt of court.

18.      **Filing Under Seal**.  Notwithstanding the designation of information as Designated Information in discovery, there is no presumption that such information shall be filed with the Court under seal.  The parties shall follow the Court's procedures with respect to filing under seal.

19.      **Relevance and Admissibility**.  Nothing in this Protective Order constitutes an admission by any party that Designated Information disclosed in this case is relevant or admissible.  Each Party reserves the right to object to the use or admissibility of the Designated Information.

20.      **Termination of Access**.

a.      In the event that any person or party ceases to be engaged in the conduct of the Action, such person's or party's access to any and all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material shall be terminated.    In addition, all copies of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material shall be returned or destroyed consistent as soon as practicable, and no later than thirty (30) calendar days, after such person or party ceases to be engaged in the conduct of the Litigation.

b.      The provisions of this Protective Order shall remain in full force and effect as to any person or party who previously had access to any "CONFIDENTIAL" and

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, except as may be specifically ordered by the Court or consented to by the Producing Party.

21.    **Final Disposition**.

a.    Within sixty (60) calendar days after the conclusion of the Action, after all appeals periods have expired or execution of a settlement agreement finally disposing of the action ("Termination of the Action"), each party or other individual to whom any "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material was provided shall either (A) assemble and return to counsel for the Producing Party; or (B) destroy such material in a manner that it will not be disclosed or recovered by any person, all originals and unmarked copies of documents and things containing "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material and shall certify their compliance with this Paragraph.

b.    Notwithstanding Paragraph 21(a), Outside Counsel of Record may retain for archival purposes subject to the provisions of this Protective Order copies of all (i) pleadings and court papers; (ii) deposition transcripts, trial transcripts, declarations/affidavits, and exhibits to the foregoing; and (iii) attorney work product including such materials containing, quoting, discussing, or analyzing "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

c.    The "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material kept by Outside Counsel of Record pursuant to this Paragraph shall be maintained in accordance with this Protective Order.

22.    **Injunctive Relief**.  In the event anyone shall violate or threaten to violate the terms of this Protective Order, the Parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person.

23.    **Modifications to Protective Order**.  Any Party may, on motion or other request to the Court and for good cause shown, seek a modification of this Protective Order, and, by its agreement to this Protective Order, no Party shall be deemed to have waived the right to modifications later sought by such Party.  No modification in this Protective Order that adversely affects the protection of any document produced or given by a third party in this case shall be made without giving to that third party appropriate notice and opportunity to be heard by the Court. Nothing in this Protective Order shall limit the Parties' ability to stipulate to the receipt of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material by a particular individual, to the manner in which an individual may receive such information, whether or not such individuals are listed under Paragraphs 6 and 7, or to modifications to deadlines required by this Protective Order.

24.    **Hearings and Trial**.

       a.    The Parties shall confer and attempt in good faith to agree before any trial or other hearing on the procedures under which "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material may be introduced into evidence or otherwise used at such trial or hearing.  Upon reaching agreement, the Parties shall give notice of the terms of such agreement to each non-party producing any "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material which may be used or introduced at such trial or hearing.  Absent agreement, the Court shall be asked to issue an order governing the use of such "CONFIDENTIAL" and

18

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material at trial or hearing upon reasonable notice to all parties and non-parties who have produced such information. Nothing in this Protective Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing before this Court, and any request for confidentiality, closure, or sealing of any hearing or trial must be made to the judge then presiding.

b.      The Parties shall provide non-parties with notice of potential use at trial of any "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced by that non-party as soon as practicable if and when they are listed as potential exhibits in the required filings prior to commencement of trial.  The Parties shall give notice as soon as practicable after "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material which is not listed on the exhibit list is determined to be used by counsel for a Party at trial.

25.   **Additional Terms**.

a.      This Protective Order shall not deprive any party of its right to object to discovery by any other party or person on any otherwise permitted ground.

b.      This Protective Order shall survive the termination of this Action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

c.      Entering into, agreeing to, or otherwise complying with the terms of this Protective Order, or producing or receiving "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material shall not:

i.       operate as an admission or concession by any Party that any "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material reflects, or does not reflect, confidential or proprietary information, any trade secrets, or otherwise sensitive information or other type of confidential information;

ii.      prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein;

iii.     prejudice in any way the rights of a Party to object to any discovery request seeking production of material it considers not subject to discovery on any ground permitted by the Federal Rules of Civil Procedure or Rules of this Court, including any applicable privilege;

iv.     prejudice in any way the rights of a Party to seek a determination by the Court that particular materials be produced;

v.      prejudice in any way the rights of a Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

vi.     prejudice in any way the rights of a Party to apply to the Court for further protective orders, including a higher level of protection then provided for by this Protective Order; nor

vii.    prejudice in any way the rights of a Party to seek modification of this Protective Order upon due notice to all Parties and affected third parties.

26.    **Disclosures Under Protective Order**.  All disclosures required under this Protective Order shall be transmitted by email to counsel for the affected Parties.  Email disclosures

sent by 5 p.m. (Pacific Time) shall be deemed to have been sent on that date, and emails disclosures sent after 5 p.m. (Pacific Time) shall be deemed to have been sent on the following day; provided, however, that objections to any proposed disclosures may be made through midnight (Pacific Time) on the prescribed date.

27.     **Jurisdiction of the Court**.  The Parties, all persons subject to discovery in these proceedings and all persons who receive "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material pursuant to this Protective Order, consent to and shall be subject to the jurisdiction of this Court in any proceeding relating to performance under, compliance with, or violation of this Protective Order.  The Court hereby retains jurisdiction to interpret and enforce this Protective Order or to impose sanctions for any contempt thereof during the pendency of this action and following dismissal, if any, and further retains jurisdiction to modify, amend or make additions to this Order as it may from time to time deem appropriate.

**SO STIPULATED AND AGREED.**

Dated:  May 9, 2023                      _/s/ Michael J. Gershoni____ _____
                                         Christopher J. Renk (admitted *pro hac vice*)
                                         Michael J. Harris (admitted *pro hac vice*)
                                         Aaron P. Bowling (admitted *pro hac vice*)
                                         ARNOLD & PORTER KAYE SCHOLER LLP
                                         70 W. Madison Street, Suite 4200
                                         Chicago, IL 60602
                                         Telephone:  (312) 583-2300
                                         Email:  chris.renk@arnoldporter.com
                                                 michael.harris@arnoldporter.com
                                                 aaron.bowling@arnoldporter.com

                                         Michael J. Sebba (SBN 5398540)
                                         ARNOLD & PORTER KAYE SCHOLER LLP
                                         777 South Figueroa Street, 44th Floor
                                         Los Angeles, CA 90017-5844

Telephone:  (213) 243-4000
Email:  michael.sebba@arnoldporter.com

Bridgette C. Gershoni (admitted *pro hac vice*)
Michael J. Gershoni (admitted *pro hac vice*)
Lindsey C. Staubach (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone:  (202) 942-5000
Email:  bridgette.gershoni@arnoldporter.com
          michael.gershoni@arnoldporter.com
          lindsey.staubach@arnoldporter.com

*Attorneys for Plaintiff Nike, Inc.*

Dated:  May 9, 2023

_/s/ John Durrant_____
John Durrant, Esq.
THE DURRANT LAW FIRM, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077
Telephone: (424) 273-1962
Email:  john@durrantlawfirm.com

Zakari Kurtz
Sneaker Law Firm, PLLC
928 Washington St
Baldwin, NY 11510
Telephone:  (540) 230-2965
Email:  zak@sneakerlawfirm.com

*Counsel for Defendants By Kiy LLC, Nickwon
Arvinger, and David Weeks*

**SO ORDERED.**

Dated:  5/10/2023
New York, New York

_____
**HON. J. VICTOR MARRERO**
United States District Judge

## Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| NIKE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:23-cv-2431-VM |
| vs. | ) | |
| | ) | **STIPULATION AND [PROPOSED]** |
| BY KIY LLC, | ) | **PROTECTIVE ORDER – EXHIBIT 1** |
| NICKWON ARVINGER, | ) | |
| DAVID WEEKS | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## Agreement To Be Bound

I, _____, state that:

1.     My present employer is _____ and the address of my present employment is _____.

2.     My present occupation or job description is _____.

3.     I have carefully read and understood the provisions of the Protective Order in this case signed by the Court in the above-captioned case.

4.     I will comply with all provisions of the Protective Order.

5.     I will hold in confidence and not disclose to anyone not qualified under the Protective Order any "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material or any words, summaries, abstracts, or indices of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" disclosed to me.

6.      I will limit use of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" material disclosed to me solely for purpose of this action.

7.      No later than the final conclusion of the case, I will return or destroy all

"CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

material, and summaries, abstracts, and indices thereof which come into my possession, and

documents or things which I have prepared relating thereto, to counsel for the party for whom I

was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:          _____

Name (print):   _____

Signature:      _____