

# THE **DURRANT** LAW FIRM
**Strategic Advocacy. Clear Thinking.**

June 27, 2023

<u>Via Email</u>

Bridgette C. Gershoni, Esq.
Michael Gershoni, Esq.
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743

Re:   *NIKE v. BY KIY, et al.* – 1:23-cv-02431-VM (S.D.N.Y.)

Dear Michael:

Thank you for your letter to me ("June 26 Letter") and draft joint letter to the Court ("Joint Letter"), both of which you sent late last night.  I had a significant ex parte application (i.e., emergency motion) to oppose today and have a number of other projects to deal with this week; so, I am not currently sure when I will be able to draft a detailed response to your June 26 Letter, but I will respond as soon as I am able to each of your points.  Broadly speaking, we disagree with several points in Nike's June 26 Letter and believe Nike is, at times, resorting to exaggeration, quoting our prior correspondence out of context, failing to accurately or fairly describe the productions of documents By Kiy has made, and finding excuses for Nike's apparently purposeful production of documents that would be of minimal utility to By Kiy in a deposition or otherwise.

==Your June 26 Letter notably does not provide the requested timeline for Nike's production of emails or associated ESI, the documents we believe we need to take depositions.==  As you know, I have represented major corporations and worked as an associate and partner at a major Firm.  I have managed far too many discovery processes.  The idea that Nike did not have the resources at its disposal to produce any emails over the last three months is not credible.  We certainly hope that Nike is not trying to prevent us from having a reasonable opportunity to review Nike's documents prior

---

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

to taking depositions of Nike witnesses. And we trust Nike understands that we will never allow that to happen. Regardless, Nike is trying to insist on a discovery timetable to which Nike itself has not been faithful.

==Nike seems to object when By Kiy suggests extending the discovery schedule. But, Nike's prior joint letter draft stated that "Nike may require an extension of the discovery schedule to allow Nike a reasonable time to resolve these discovery disputes, review By Kiy's late document productions, and prepare and take fact depositions." While we disagree with the predicate for the position (i.e., that this is all By Kiy's fault) the conclusion seems sensible. Nike should not oppose altering the schedule just because By Kiy now says it is a good idea.==

***

Regarding the Joint Letter to the Court, our view is that courts take a dim view of counsel fighting over discovery and want us to provide solutions, whenever practicable. We think the advantages of making an opponent "look bad" in court are usually minimal. It seems like our time and your time could be spent more productively.

==We have tried to initiate discussions because it would seem a modest extension in the discovery schedule is necessary for both sides, but twice, now, Nike has responded first with unduly threatening letters, acting as if Nike's conduct is unimpeachable.== We then must respond to correct the record. It is not necessary to take this approach, and it doesn't help Nike. If the hope is to intimidate, it honestly does not have that effect.

***

Unless Nike would like to discuss a resolution that avoids motion practice, we will work on a response to the joint letter starting tomorrow that will also discuss Nike's conduct in discovery.

We also will respond to Nike's points. At best, it seems Nike is raising premature complaints about documents we intend to produce in our rolling production as well as unripe interrogatories. By Nike's own admission, interrogatories could only be propounded, at "[a]t the conclusion of other discovery." See LR 33.3(c). Putting aside whether the schedule Nike insisted upon (over By Kiy's objection) waived the ability to seek such interrogatories by setting an early cut off for all interrogatories, Nike propounded the interrogatories at the *start* of discovery, which was contrary to the letter of LR 33.3. And discovery is ongoing; so it is not now time to bring a motion to compel under LR 33.3(c). The timing of LR 33.3(c) allows an informed assessment of necessity

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

after other discovery; this cannot be done prior to the conclusion of other discovery (if it can be done at all in this case).

Even if you want to file the Joint Letter, please let us know when Nike plans to make its email production(s). We don't want to work up our parts in the Joint Letter only to be sandbagged with a dump of emails right before we are to file or to have you back off the legal positions you have set out in your draft after we have expended time writing responses showing that they are not well taken, i.e., after drafting points in detail we have already made elsewhere.

We remain willing to discuss any of these issues if you want to resolve them, but will proceed with the Joint Letter if Nike wishes.

Sincerely,

**John Durrant, Esq.**
THE DURRANT LAW FIRM, APC

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com