

# THE **DURRANT** LAW FIRM

**Strategic Advocacy. Clear Thinking.**

July 7, 2023

<u>Via Email</u>

Bridgette C. Gershoni, Esq.
Michael Gershoni, Esq.
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743

Re:   *NIKE v. BY KIY, et al.* – 1:23-cv-02431-VM (S.D.N.Y.)

Dear Michael:

We are in receipt of your letter today, which we generally disagree with, particularly your failure to seriously address the infirmities in Nike's document production and the impact it will have on our ability to depose Nike witnesses at this time. We write regarding two specific issues.

First, a joint letter is not procedurally appropriate here. The problem with a joint letter is (i) exigency; and (ii) the nature or relief requested .

- <u>Exigency</u>. An exigent protective order is necessary because the depositions are on calendar. Unless, I am missing something (and please tell me immediately if I am), Nike has not agreed to take them off calendar – creating this fire drill. We must raise the depositions and scheduling issues with the Court ex parte, because we need a protective order on a day or two notice.

- <u>Nature of Relief Requested</u>. Our Motion will seek a change to the scheduling order, which a case management issue, not an issue regarding discovery compliance.

---

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

If I have misunderstood anything about the current posture, please let us know. But we will proceed as we deem appropriate. Nike will be free to object or respond, as the Court allows.

***

The claims of misrepresentations are substantially contradicted by your own letter, but also by reference to our prior correspondence..

On June 23, 2023 – the very day of your deposition notices – we took strong exception to Nike's unilateral noticing of depositions. We noted Judge Marrero's rules about depositions occurring "at the same time" and after "responses to discovery" (which we believe to include *responsive documents* and you believe merely to mean written responses and objections, even if unaccompanied by documents for use in deposition.) We then said, "Here, the main gating issue is Nike's failure to produce responsive documents, which needs to occur prior to any depositions, because the production needs to proceed the depositions of Nike witnesses."

If you inferred from this that we might appear for deposition on the dates noticed and you are "shocked, shocked" to find that we will not be attending the depositions, then I'm really not sure what to say. But, I would be very careful about calling an opposing attorney a liar, when you don't have facts to support it.

***

We reserve the right to respond to your letter further, and will do so as we are able.

Sincerely,

**John Durrant, Esq.**
THE DURRANT LAW FIRM, APC

CC: ZAKARI KURTZ, ESQ.

---

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com