UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC., <br><br>     Plaintiff, <br><br> v. <br><br> BY KIY, LLC, <br> NICKWON ARVINGER, and <br> DAVID WEEKS, <br><br>     Defendants. | CASE NO.   1:23-cv-02431-VM <br><br> **DEFENDANTS' EX PARTE MOTION FOR:** <br><br> **(I) PROTECTIVE ORDER REGARDING DEPOSITIONS NOTICED FOR JULY 12-14, 2023; AND** <br><br> **(II) MODIFICATION OF THE SCHEDULING ORDER** |
| BY KIY, LLC, <br><br>     Counterclaimant, <br><br> v. <br><br> NIKE, INC., <br><br>     Counterclaim-Defendant. | |

# **TABLE OF CONTENTS**

EX PARTE MOTION ................................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

I. INTRODUCTION ........................................................................................... 1

II. FACTUAL BACKGROUND .......................................................................... 2

III. A PROTECTIVE ORDER SHOULD ISSUE FOR THE DEPOSITIONS SCHEDULED FOR JULY 12-14, 2023 ................................................................ 7

    A. Both Sides Are Behind Schedule on Document Discovery .................................. 7

    B. The Scheduling Order Contemplates the Simultaneity of Depositions on Both Sides and Appears to Expect That Meaningful Productions of Documents Occur Prior to Such Depositions ................................................................ 9

    C. Defendants Will Not Be Able to Take Nike's Depositions Prior to July 25 in an Effective Manner Because Nike Still Has Not Produced Useful Documents that Have Been Requested ................................................................ 10

    D. Defendants Cannot Appear for Depositions on July 12-14, 2023, Because Counsel is Unavailable and It Will Not Be Reasonably Possible to Prepare Defendants for Deposition by July 12 ................................................................ 10

IV. THE SCHEDULING ORDER SHOULD BE EXTENDED TO ALLOW BOTH PARTIES TO COMPLETE DISCOVERY IN AN ORDERLY FASHION ........ 10

V. CONCLUSION ............................................................................................... 11

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Enzymotec Ltd. v. NBTY, Inc.*,
  754 F. Supp. 2d 527 (E.D.N.Y. 2010) .................................................................................... 11
*Parker v. Columbia Pictures Indus.*,
  204 F.3d 326 (2d Cir. 2000) .................................................................................................... 10
*Sokol Holdings, Inc. v. BMD Munai, Inc.*,
  No. 05 CIV. 3749 KMW/DF, 2009 WL 2524611 (S.D.N.Y. Aug. 14, 2009) .......................... 11

Rules

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 11
Fed. R. Civ. P. 12(c) ...................................................................................................................... 11
Fed. R. Civ. P. 16(b)(4) ............................................................................................................. 1, 11
Fed. R. Civ. P. 26(c) .............................................................................................................. 1, 8, 11

**EX PARTE MOTION**

Pursuant to Fed. R. Civ. P. 16(b)(4) and 26(c), Southern District of New York ("SDNY") Local Rule 6.1(d), and Paragraph II. A. of this Court's Individual Practices, Counterclaimant and Defendant By Kiy, LLC ("By Kiy") and Defendants Nickwon Arvinger ("Arvinger"), and David Weeks ("Weeks", and collectively with By Kiy and Arvinger, "Defendants") hereby move ex parte for:

1. **An emergency Protective Order to postpone the depositions of Weeks, Arvinger, and By Kiy, which Nike noticed for July 12-14, 2023.**
2. **For a 60-day extension of Scheduling Order and Case Management Plan ("Scheduling Order").  There has been no prior extension in the Scheduling Order.**

The Motion is based upon (i) the Memorandum of Points and Authorities in support of this Motion, set out below; (ii) the Declaration of John Durrant ("Durrant Decl.") in support of this Motion, which sets forth good cause for this Motion and the need to proceed on an emergency basis; (iii) the [Proposed] Amended Scheduling Order filed herewith; and (iv) the record and all pleadings and papers on file in this action, any relevant matters that are judicially noticeable, and such other or further argument or evidence as may be presented to the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

This Motion raises two exigent and related issues regarding scheduling that unfortunately require court involvement:  (i) the timing of depositions; and (ii) the Scheduling Order.  Below, Defendants set out the extensive meet and confer efforts leading to this unnecessary emergency.  In short, Nike noticed depositions without clearing dates with counsel ahead of time or discussing the matter in any way.  The day Nike sent the Notices, Defendants objected to the taking of the depositions at the time noticed, since both sides appear to have substantial remaining documents to produce and Defendants are in no position to effectively take depositions of Nike's witnesses at this time.  Nike has largely produced documents that are of

1

little use to Defendants, such as submissions to the USPTO related to the trademarks at issue (which Defendants have), many pictures of Nike's Air Jordan sneakers (we are, in fact, aware of what they look like), pictures of celebrities wearing Nikes (yes, celebrities wear Nike's ubiquitous shoes sometimes), Nike advertising (that Nike advertises its shoes is not in dispute), and publicly available documents regarding By Kiy that Nike has found online. By Defendants count, Nike has produced only 16 emails (four of which were correspondence between current counsel in this case) – and it only produced them last Friday, i.e., July 7, 2023.

Nevertheless, Nike has not taken the depositions off-calendar, requiring this emergency motion. Nike has refused to take the depositions off calendar, unless Defendants agree to schedule depositions before the current discovery cut-off of July 25. Nike has set out this ultimatum, knowing that it has as yet deprived Defendants of the very documents it would need to depose Nike witnesses. This Court's Scheduling Order contemplates that depositions occur "during the same time" and after responses to the first set of requests for production – and neither side has yet produced a significant proportion of responsive documents to the initial requests for production.

Defendants' intent is not to delay depositions a long time. Rather, it is just to have depositions occur in an orderly and efficient manner at the same time. Defendants do not claim that their own production of documents is without fault – it is not; despite diligent efforts, there have been delays in Defendants' production of documents and Defendants request leave, in part, to allow them to complete their own production of documents. While Nike initially stated that a change to the discovery schedule would be necessary – blaming Defendants' dilatory production of documents, not its own shortcomings, of course –it has now refused. A 60-day extension will allow both sides to complete discovery in an appropriate and fair manner.

II.     **FACTUAL BACKGROUND**

The relevant facts can be drawn largely from the extensive meet and confer correspondence, which are submitted herewith with relevant portions highlighted. The relevant facts are as follows:

- On Friday, June 23, 2023, Nike noticed depositions for Arvinger, Weeks, and By Kiy for July 12-14, 2023. (Durrant Decl. ¶¶ 3-5, Exh. A-C.)
- Prior to noticing the depositions, Nike did not mention that it would be noticing depositions, did not clear dates with counsel (lead counsel, the only lawyer for Defendants with experience taking and defending depositions, is located on in Los Angeles), and did not coordinate so that "depositions of all parties shall proceed during the same time" in accordance with the Scheduling Order. (*Id.* ¶ 6.)
- On that same day, June 23, Defendants sent a meet and confer letter to Nike regarding a number of outstanding discovery issues that objected to the unilateral noticing of the depositions as follows:

    Without clearing dates ahead of time, today Nike noticed depositions for Messrs. Weeks, Arvinger, and By Kiy, LLC.

    First, please clear dates ahead of time before noticing depositions. This is basic civility and an explicit requirement in many jurisdictions. Arnold & Porter did this last time undersigned counsel had a case against Nike, and then failed to respond to attempts to move the dates, making undersigned counsel undertake preparations on a Motion for Protective Order unnecessarily only to then accede to the request to move the date. We do not understand this approach to litigation.

    Moreover, Judge Marrero's rules contemplate that document discovery – which both sides have not completed – precede depositions and that all depositions occur at the same time.

    > Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.

    > Depositions of all parties shall proceed during the same time.

    This sensible approach contemplates dialogue, not one where the party with more resources tries to dictate the schedule and have one-way discovery. Here, the main gating issue is Nike's failure to produce responsive documents, which needs to occur prior to any depositions, because the production needs to proceed the depositions of Nike

3

> witnesses. As noted, we need to know when Nike will complete its production.
>
> Finally, counsel likely will have to travel across the country to defend depositions, so consideration of this challenge will be appreciated. . . . We should work out a reasonable schedule together and jointly ask the Court for a modification that we can all manage.

(*Id.* ¶ 7, Exh. D.)

- On June 26, Nike responded that it "would not agree" to extend the case schedule (*Id.* ¶ 8, Exh. E.)

- On June 27, Defendants responded, noting that Nike had still not provided a timeline for its production of documents and that Nike's refusal to agree to change the case schedule was not consistent with Nike's own prior position:

  > Nike seems to object when By Kiy suggests extending the discovery schedule. But, Nike's prior joint letter draft stated that "Nike may require an extension of the discovery schedule to allow Nike a reasonable time to resolve these discovery disputes, review By Kiy's late document productions, and prepare and take fact depositions." While we disagree with the predicate for the position (i.e., that this is all By Kiy's fault) the conclusion seems sensible. Nike should not oppose altering the schedule just because By Kiy now says it is a good idea.

(*Id.* ¶ 9, Exh. F.)

- On June 29, Nike said in an email, "With respect to Nike's email production, we plan to complete our production of emails by the end of next week" but not further addressing the case schedule. (*Id.* at ¶ 10, Exh. G.) As explained below, Nike's promised final production of emails did not happen.

- On July 5, after the holiday weekend, Defendants again followed up regarding the case schedule:

  > Notwithstanding the statements in your June 26 letter defending Nike's production, we continue to believe that Nike's production to date has been of little utility, and that has impaired our ability to prepare for deposition. We have, as yet, very few useful documents from Nike, surely not because they do not exist but because Nike has elected not to yet produce them and instead produce other documents it knows will not help By Kiy. We understand that Nike will produce

4

> emails this Friday. That may (or may not) ameliorate this situation. We will need time to review such emails, assess the completeness of the production, and prepare for depositions. Nike's claim that it "will not agree" to a modification of the discovery schedule, in your June 26 letter, is a position that cannot be reconciled with Nike's own relatively dilatory production of documents, which puts By Kiy in no position to take depositions.
>
> We write to again request a mutual agreement to modify the discovery schedule, so that "Depositions of all parties shall proceed during the same time," in accordance with the Scheduling Order and Case Management Plan (ECF No. 75). In addition, we ask that you agree to take next week's depositions off-calendar without requiring that we involve the Court. We have asked for clarity on these points several times now and your responses have been equivocal indications of willingness to discuss altering the deposition schedule rather than what is required – that you rescind the notices that you unilaterally and prematurely served.

(Id. ¶ 11, Exh. H.)

On July 6, Nike responded, which fairly summarizes its apparent position in regard to this dispute:

> Nike's notices of deposition are proper. The Case Management Plan requires that depositions be completed by July 25, 2023. In view of the above deadline, Nike timely and reasonably noticed depositions on Friday, June 23, 2023 for July 12-14, 2023 or at "such other date and time upon which the parties mutually agree."
>
> By Kiy's intent to forego depositions or to force the parties into extending discovery to obtain them is clear. Nike will not allow it. First, By Kiy claimed that Nike's notices of depositions were improper because "depositions are not to be held until all parties have responded to initial requests for document production." As we explained in our June 26, 2023 letter, all parties here have "responded to initial requests for document production" on May 1, 2023 (i.e., over two months ago).
>
> Now, By Kiy asserts that Nike cannot move forward with depositions in the final weeks of fact discovery until By Kiy has noticed depositions for the "same time." But, under a reasonable interpretation of the Case Management Plan, By Kiy cannot hold Nike's ability to conduct depositions hostage by refusing to produce its witnesses or refusing to notice depositions of Nike's witnesses.

5

> We again reiterate that we are willing to consider alternative dates for the depositions of By Kiy's witnesses consistent with the Court's scheduling order (e.g., before July 25, 2023). Please let us know by close of business tomorrow, Friday, July 7, 2023, whether you propose alternative dates on or before July 25, 2023, for the depositions of By Kiy's witnesses.

(*Id.* ¶ 12, Exh. I.)

- There were a number of inaccuracies with this statement, including that Defendants' interpretation of the Scheduling Order had not changed and that Defendants were not trying to delay Nike's depositions in bad faith or for a long period of time.

- Later on July 6, Defendants sent a letter pleading with Nike that they were not trying to do anything in bad faith, that they were not refusing to produce witnesses on or before the discovery cutoff (though they believed that probably would not be practicable, given that they have to receive and review Nike's documents before taking depositions) and that they just wanted documents to be exchanged prior to depositions:

  > I can give you my assurance that we are not interested in delaying depositions. They are going to happen before long – the idea that this is some dastardly scheme to avoid discovery isn't what is happening. We just want to get what we need to take depositions and have them all – both sides – scheduled at the same time. It's possible that could happen before the discovery cut-off but it seems unlikely we will be able to review a proper and complete production of documents by Nike and be ready that quickly. And, deposition scheduling should happen through dialogue among attorneys acting like adults that respect each other's schedules – not unilateral demands. No one likes being bullied, after all. And, you will find that it isn't necessary or helpful to litigate that way.
  >
  > Please appreciate that what we cannot do is rush to agree to have our clients' depositions taken by a date certain, simply because you have noticed depositions in an improper manner and will not move them.
  >
  > We will not accede to a demand to schedule the depositions before a cut-off because we cannot do so in a rational manner. By not producing emails, Nike has placed us in a blind – Nike has deprived us of the very information we need to prepare for deposition. Without a meaningful production of documents, we do not know what we need to do to prepare for depositions of Nike's witnesses. And we simply will

6

>   not agree to one-way litigation, one-way depositions.  Judge Marrero's rules also contemplate simultaneous depositions.

(*Id.* ¶ 13, Exh. J.)

- On July 7, Nike responded, largely repeating the points set out in its July 6 letter and accusing counsel for Defendants (falsely and tiresomely) of making "misrepresentations." (*Id.* ¶ 14, Exh. K.)[1]

- Later on July 7, Defendants responded, indicating that they would have to move ex parte for a protective order unless Nike agreed to move the depositions and also explaining why the claims of "misrepresentations" were inaccurate.  (*Id.* ¶ 15, Exh. L.)

- Later still on July 7, Nike responded to Defendants, trying to frame the issues in dispute inaccurately, and Defendants again responded to Nike, in a back and forth the Court may well find "two letters too many."  (*Id.* ¶ 16, Exh. M and, id. ¶ 17, Exh. N.)  These letters do at least make clear, that Nike have left the depositions on calendar – making this emergency Motion necessary.

- On July 8, Defendants sent a letter to Nike, asking for dates that Nike witnesses would be available for deposition prior to July 25, in an abundance of caution, in case the Court denies this Motion.  (Id. ¶ 18, Exh. O.)

### III. A PROTECTIVE ORDER SHOULD ISSUE FOR THE DEPOSITIONS SCHEDULED FOR JULY 12-14, 2023

#### A. Both Sides Are Behind Schedule on Document Discovery

Fed. R. Civ. P. 26(c) provides that:
>   A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a

---

[1] In another recent case pending in this District involving Nike, *Nike v. StockX LLC*, 22-CV-0983, in which both sides are represented by large law firms, Judge Caproni, noted "In parting, the Court notes that the bickering in the parties' briefs, and their numerous letters to this Court, have veered toward the unprofessional in a manner unbecoming the experienced and competent counsel who are appearing in this matter. The Court expects counsel to work together professionally and collegially in the future." ECF No. 171.  Similarly, the discussion in this case appears to be something that could be avoided – Defendants do not want to litigate this way.

7

> certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following . . . . specifying terms, **including time and plac**e . . .  for the disclosure or discovery.

(Emphasis added.)  Defendants do not object to the taking of their depositions, but merely the timing of the depositions.  They are not proposing a long delay in the depositions.

At present, discovery is progressing in this case, but not as quickly as required under the Scheduling Order.  Both sides have issued discovery requests, responded and objected to such requests, and begun the production of documents.  It is fair to say, however, that neither side has made sufficient progress with discovery to maintain the current schedule.  For its part, Nike has produced some documents.  While its production includes more pages of documents than Defendants, the production is mostly "padding" –relatively little use with a tenuous connection to Defendants' Requests for Production, such as a litany of pictures of Nike shoes, pictures of celebrities wearing Nike shoes, USPTO submissions that Nike knows Defendants have, Nike advertisements, documents Nike has found online promoting Defendants products, etc.  While nearly all of By Kiy's Requests for Production would appear to require the review and production of emails, Nike only first produced any emails on July 7, 2023, and then only produced 16 emails of marginal significance (including four that are correspondence between current counsel in this case).  (*Id*. at ¶ 19.)  To be clear:  it took one of the largest and most sophisticated corporations in the World more than three months to produce 12 emails.

Similarly, Nike is dissatisfied with the progress of By Kiy's production of documents.  And, indeed, the lack of a unified computer system or server and other aspects of By Kiy's thinly-staffed and relatively unsophisticated business have posed challenges to the gathering of documents, among other challenges, including a significant illness ultimately requiring hospitalization for attorney Zakari Kurtz, who is primarily responsible for reviewing documents.  (*Id*. at ¶ 20.)  Counsel for Defendants can give the Court their sincere assurance that they are

working diligently within the resources available to locate, review, and produce documents and that counsel take their obligations to oversee discovery seriously.  (*Id*. at ¶ 21.)

> **B.      The Scheduling Order Contemplates the Simultaneity of Depositions on Both Sides and Appears to Expect That Meaningful Productions of Documents Occur Prior to Such Depositions**

The Scheduling Order provides that:

- Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.

- Depositions of all parties shall proceed during the same time.

(ECF No. 75.)

First, it appears that the Court contemplates that counsel for the parties will discuss dates for depositions and schedule them so that they can occur during the same time.  While a party surely should not withhold agreement to notice depositions in bad faith, there should be at least some discussion about the matter, rather than one party unilaterally noticing the deposition of the other, particularly when that party has made a weak production of documents.

Second, Defendants believe the Court would expect the "responses to initial requests for document production" to include not just objections and responses (which are not typically useful in taking a deposition), but rather a reasonably complete exchange of *responsive* documents, which are essential in many depositions.  Here, neither side appears to be close to complete in producing their documents of documents responsive to the initial requests for production.  While it may be manageable for Nike, which files many lawsuits just like the instant case, to take depositions of Defendants without documents, it is unlikely that Defendants can take productive and efficient depositions of Nike's sophisticated corporate witnesses without documents.  Nike surely knows this.

9

### C. **Defendants Will Not Be Able to Take Nike's Depositions Prior to July 25 in an Effective Manner Because Nike Still Has Not Produced Useful Documents that Have Been Requested**

Defendants therefore respectfully submit that that parties' mutual inability to produce documents to date makes the contemplated schedule for depositions, where they must be completed by July 25, unworkable.  Sticking to the current schedule would be particularly unfair to Defendants, since Nike has mostly produced documents that are publicly available and calculated to be of little use in deposition, rather than internal correspondence regarding the issues at the core of Nike's questionable and unsupported claim that there is a likelihood of confusion between By Kiy's products and Nike's products.

Moreover, only one lawyer representing Defendants has experience taking or defending depositions, which poses additional challenges in preparing for depositions.

### D. **Defendants Cannot Appear for Depositions on July 12-14, 2023, Because Counsel is Unavailable and It Will Not Be Reasonably Possible to Prepare Defendants for Deposition by July 12**

Counsel for Defendants need a reasonable time to prepare Defendants for deposition and simply does not have time this week to do so, given other commitments.  (Durrant Decl. ¶ 2.) Counsel for Defendants is frankly surprised that Nike would not agree to move the depositions without pre-conditions, requiring this ex parte application.  (*Id*. ¶ 2.)  Nevertheless, Defendants would ask that the Court issue a protective order and order the parties to schedule depositions at the same general time following document discovery and after collaborative discussion.

## IV.    **THE SCHEDULING ORDER SHOULD BE EXTENDED TO ALLOW BOTH PARTIES TO COMPLETE DISCOVERY IN AN ORDERLY FASHION**

Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause" inquiry is primarily focused upon the diligence of the movant. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[A] finding of 'good cause' depends on the diligence of the moving party.")

(citations omitted). "To satisfy the good cause standard 'the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met.'" *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (quoting *Sokol Holdings, Inc. v. BMD Munai, Inc.*, No. 05 CIV. 3749 KMW/DF, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009), *aff'd sub nom. Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05 CV 3749 KMW DCF, 2009 WL 3467756 (S.D.N.Y. Oct. 28, 2009). Here, there has been no prior extension in the scheduling order. This is the Parties' first request for an extension of the discovery schedule. This case has not yet been set for trial and no deadlines have been set for motions for summary judgment or to exclude expert testimony.

Nike's delays in producing responsive information hamstring Defendants. Moreover, despite diligent efforts, Defendant admittedly have not completed their own production of documents.

Attached to this document is a redline reflecting proposed changes to the discovery schedule, which are set out in a Proposed Amended Scheduling Order herewith, which generally extend deadlines 60 days. In addition to providing the parties more time to conduct discovery, there are other issues that may impact the course of this case and timing of trial in this matter. Among other things, By Kiy intends to raise a motion under Fed. R. Civ. P. 12(c) analogous to the Fed. R. Civ. P. 12(b)(6) motion raised by *Reloaded Mech LLC and Bill Omar Carrasquillo in Nike v. Reloaded Merch LLC*, 1:22-cv-10176-VM, pending before this Court as ECF No. 69 in that case, which was severed from the instant case. By Kiy also intends to file a motion for partial or full summary judgment. By Kiy continues to believe that Nike's trade dress claims have fatal legal infirmities that Nike has sought to avoid having courts actually adjudicate.

V. **CONCLUSION**

For each of the foregoing reasons, Defendants respectfully request that the Court issue:

1. An emergency Protective Order to postpone the depositions of Weeks, Arvinger, and By Kiy, which Nike noticed for July 12-14, 2023.

2. For a 60-day extension of Scheduling Order. A redline of the proposed changes in the Scheduling Order is attached to this brief.

DATED: July 9, 2023

JOHN S. DURRANT
THE DURRANT LAW FIRM, APC

By: *John S. Durrant*
John S. Durrant (*admitted pro hac vice*)
Attorney for Defendant and Counterclaimant
*By Kiy, LLC, and Defendants Nickwon Arvinger, and David Weeks*

DATED: July 9, 2023

ZAKARI A. KURTZ, ESQ.
SNEAKER LAW FIRM PLLC
dba SNEAKER & STREETWEAR LEGAL SERVICES

By: *Zakari A. Kurtz*
Zakari A. Kurtz (NY Attorney No. 5242946)
Attorney for Defendant and Counterclaimant
*By Kiy, LLC, and Defendants Nickwon Arvinger, and David Weeks*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:23-cv-2431-VM ) |
| BY KIY LLC, NICKWON ARVINGER, DAVID WEEKS | ) **AMENDED SCHEDULING ORDER** ) **AND CASE MANAGEMENT PLAN** ) ) ) |
| Defendants. | ) ) |

This **Amended** Scheduling Order and Case Management Plan is adopted in accordance with Fed. R. Civ. P. 16-26(f).

1. This case **is** to be tried by a jury.

2. Joinder of additional parties to be accomplished by May 8, 2023.

3. Amended pleadings may be filed without leave of the Court until May 8, 2023.

4. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) to be completed within fourteen (14) days of the date of the parties' conference pursuant to Rule 26(f), specifically by no later than March 31, 2023.

5. All fact discovery is to be completed ~~within one hundred twenty (120) days of the date of this Order, specifically by~~ not later than ~~July~~ September 25, 2023.

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

    a. Initial requests for production of documents to be served by April 28, 2023.

    b. Interrogatories to be served by all parties by ~~April 28~~September 25, 2023.

    c. Depositions to be completed by ~~July~~ September 25, 2023.

1

- Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.

- Depositions of all parties shall proceed during the same time.

- There will be no more than five (5) fact depositions per side, and no deposition shall exceed six (6) hours on the record.

- Unless the parties agree or the Court so orders, non-party depositions shall follow party depositions when possible.

d. Any additional contemplated discovery activities and the anticipated completion date: None.

e. Requests to admit to be served no later than ~~June~~ August 6, 2023.

f. The parties agree that no side will serve more than seven single-spaced pages of requests for admissions, and no side will serve more than seven single-spaced pages of interrogatories.

7. All expert discovery (ordinarily conducted following the completion of fact discovery) including parties' expert reports and depositions, witness lists and identification of documents pursuant to Fed. R. Civ. P. 26(a)(2), (3) and 35(b), is to be completed by ~~October 6~~December 5, 2023.

   a. Opening expert reports on issues for which a party bears the burden of proof are due on ~~August 15~~October 16, 2023.

   b. Rebuttal expert reports are due on ~~September 12~~November 11, 2023.

   c. Reply expert reports are due on ~~October 6~~December 5, 2023.

   d. Expert depositions must be completed by ~~October 20~~December 19, 2023.

8. Contemplated motions:

   a. The parties contemplate filing: (i) a joint motion for entry of a protective order governing the use and disclosure of confidential information in this case; and (ii) motions for summary judgment or partial summary judgment.

9. Following all discovery, all counsel must meet for at least one hour to discuss settlement, such conference to be held by not later than ~~October 24~~December 23, 2023.

10. The parties **do not** consent to trial by a Magistrate Judge under 28 U.S.C. § 636(c).

---------------------------------------------------------------------------------------------------------------------
**TO BE COMPLETED BY THE COURT:**

11. **The next Case Management Conference is scheduled for _____.**

     In the event the case is to proceed to trial, a firm trial date and the deadline for submission of the Joint Pretrial Order and related documents shall be scheduled at the pretrial conference following either the competition of all discovery or the Court's ruling on any dispositive motion.

     The Joint Pretrial Order should be prepared in accordance with Judge Marrero's Individual Practices. If this action is to be tried before a jury, proposed voir dire and jury instructions shall be filed with the Joint Pretrial Order. No motion for summary judgment shall be served after the deadline fixed for the Joint Pretrial Order.
     SO ORDERED.

                                                                                                **VICTOR MARRERO**
                                                                                                   **U.S.D.J.**

    **Dated:** _____
          **New York, New York**