

# THE **DURRANT** LAW FIRM

**Strategic Advocacy. Clear Thinking.**

June 23, 2023

<u>Via Email</u>

Bridgette C. Gershoni, Esq.
Michael Gershoni, Esq.
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743

Re: *NIKE v. BY KIY, et al.* – 1:23-cv-02431-VM (S.D.N.Y.)

Dear Bridgette and Michael:

We sent a meet and confer letter to Nike on June 16, 2023. Nike waited until the evening of June 22, 2023 to respond. That timing wouldn't be unusual or problematic except that Nike's meet and confer letter accompanied a draft joint letter brief regarding discovery issues, demanding a response in only two business days.

We immediately sent a responsive email, attached hereto, raising certain issues and indicating that the timing would not work. Nike has not yet responded substantively to that email or altered its attempt to impose an unworkable schedule, but has indicated we should not expect a response until Monday.

We do not believe Nike has complied with applicable Rules. First, involving a busy court should follow the exhaustion of meet and confer efforts; Nike simultaneously sent a meet and confer letter and a draft court filing – *ipso facto*, Nike's attempt to engage the Court is premature. Predictably, as noted below, Nike's premature draft filing suggests matters are in dispute that are actually not in dispute.

Second, Nike has not presented the the claimed exigency in the draft letter brief fairly. Nike's brief does not address significant infirmities regarding Nike's own production of

---

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

documents, which – thus far – includes no material internal emails and almost no useful documents.

This letter responds to Nike's letter and raises certain additional issues. We continue to believe a conversation would be helpful to resolve these matters and to develop a pragmatic path forward that works for both sides.

I. Nike's Productions of Documents

We have seen no indication thus far that Nike has yet undertaken any meaningful review of internal emails or other internal written communications, which – as in most cases – is where useful document discovery appears likely to reside.

We also are not sure why Nike has produced what it has produced. For instance, what possible purpose does Nike think producing a very large volume of Nike advertisements serves, or massive trove of pictures of Nike shoes, or large numbers of pictures of celebrities wearing Nike shoes? Such documents were not requested and will likely not be used in any material fashion in this litigation. No one is going to argue, for instance, that Nike doesn't make Air Jordans or advertise them or sell them or sell its ubiquitous shoes to many people, including some celebrities. Similarly, no one will argue the merits of Michael Jordan's athleticism – articles on Michael Jordan generally aren't useful. Nike also sent publicly available trademark documents that it knows By Kiy already has. We have received almost nothing that we requested. The task ahead of Nike to complete discovery is vastly greater than that facing By Kiy to complete its production.[1]

We will not be able to take any depositions without reviewing all of Nike's responsive emails, which Nike has not even started producing. Our requests should yield a substantial volume of emails. It is time for Nike to actually produce the documents By Kiy has requested.

Without delay, the parties should discuss how long Nike needs to complete its production and allow a reasonable time for Defendants counsel to review the documents that Nike produces. Depositions should follow documents. The schedule needs to be modified without delay – both sides should cooperate in this effort.

II. By Kiy's Production of Documents

We made a production of documents yesterday – unlike Nike's production, By Kiy has produced documents Nike specifically requested and that Nike said were important –

---

[1] Nike's proposed discovery Stipulation was an attempt to evade its discovery obligations.

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

including many By Kiy design files. You will notice that some of the files are very large. That created some issues with the review / production.

By Kiy intends to continue producing documents early next week. Mr. Kurtz will again spend the weekend reviewing documents for production.

### III. Privilege Log

Nike's proposal (i.e., to exclude both former and current counsel from a privilege log) is not workable. We were trying to exclude the logging of documents related to this dispute. As that is not agreeable, we withdraw our proposed modification; the parties should just log all privileged documents.

### IV. By Kiy's Request for Production 10, Other Alleged Violations of Trade Dress

We agree that the request does not concern Nike products, but allegedly infringing products – there appears to have been a stray reference in our letter. That would seem obvious from context, but if it was not, we apologize. Your offer to produce appears to be appropriate: "Nike has, and will continue, to conduct a reasonable search for and produce non-privileged documents within its possession, custody, or control that are sufficient to identify products that Nike contends have violated or violate the asserted trade dress registrations." (June 22, 2013, M. Gershoni Letter at Page 4.)

### V. By Kiy's Request for Production 13, Documents Regarding Nike's Trademark Claims

If Nike will not produce documents responsive to Request No. 13, please let us know without delay. If you would like to discuss this matter further, please let us know. But we have not and will not withdraw Request No. 13.

We also today will issue some additional requests regarding related matters.

### VI. Nike's Request for Production No. 2 – Physical Samples

We will agree to produce representative physical samples of the two versions of the Kiy sneaker: the version 1.0 and 2.0. Today, we will issue a request for production that Nike make a similar production. We request that Nike let us know *immediately* if it will not produce such physical samples.

We disagree that Nike can claim By Kiy is delaying the case by not providing samples shoes when: (i) Nike itself has produced very little substance so far; (ii) we strongly suggested that we would produce the samples after we had a continued meet and confer

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

discussion; and (iii) the shoes are readily available for sale on the open market. These are not the makings of a credible discovery motion.[2]

### VII. Nike's Request for Production No 10 (Forecasts, estimates, etc.)

We agreed to produce responsive information to the extent it exists. The use of the phrase "of future sales" in our June 16, 2023 letter did not limit the scope of production. By definition, forecasts involve future sales. If we were intending to limit our production, we would have directly stated that position. Again, this is something a short phone call would have resolved.

### VIII. Nike's Request for Production No. 22 (Customer complaints)

Every time we discussed this request, we discussed that it would open the door to a countervailing request for complaints about Nike's products. We have issued such a request today, which should come as no surprise. Our request is not limited to complaints Nike received that reference "By Kiy." After all, it is hard to imagine there being *any* such documents in Nike's possession.

Rather, we must test Nike's claim about the quality of its products using the relevant Trade Dress Registrations. We have been clear this will be our position. It is a situation of one side opening the door to discovery on itself. We just don't want Nike to argue later for a double standard.

### IX. Interrogatories

We have asked now multiple times for authority supporting Nike's interpretation of the local rules, which appear to significantly limit the use of interrogatories, in deference to document productions, depositions, and other methods of discovery. We respectfully renew the request for any caselaw supporting Nike's position.

---

[2] There is little value in a back and forth over what was said in a prior conversation about this request. We do not doubt the sincerity of your belief in your recollection, but it differs from Mr. Kurtz's notes from the meeting.

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

Arnold & Porter
June 23, 2023
Page 5

X.   Depositions

Without clearing dates ahead of time, today Nike noticed depositions for Messrs. Weeks, Arvinger, and By Kiy, LLC.

First, please clear dates ahead of time before noticing depositions.  This is basic civility and an explicit requirement in many jurisdictions.  Arnold & Porter did this last time undersigned counsel had a case against Nike, and then failed to respond to attempts to move the dates, making undersigned counsel undertake preparations on a Motion for Protective Order unnecessarily only to then accede to the request to move the date.   We do not understand this approach to litigation.

Moreover, Judge Marrero's rules contemplate that document discovery – which both sides have not completed – precede depositions and that all depositions occur at the same time.

> Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.
>
> Depositions of all parties shall proceed during the same time.

This sensible approach contemplates dialogue, not one where the party with more resources tries to dictate the schedule and have one-way discovery.  Here, the main gating issue is Nike's failure to produce responsive documents, which needs to occur prior to any depositions, because the production needs to proceed the depositions of Nike witnesses.  As noted, we need to know when Nike will complete its production.

Finally, counsel likely will have to travel across the country to defend depositions, so consideration of this challenge will be appreciated.

The schedule in this case was never going to be workable.  Nike's claim to the Court that it would be workable was not well informed and now both sides are not on schedule to

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

complete discovery in an orderly manner. We should work out a reasonable schedule together and jointly ask the Court for a modification that we can all manage.

Sincerely,

**Zakari A. Kurtz, Esq.**
SNEAKER LAW FIRM, PLLC

**John Durrant, Esq.**
THE DURRANT LAW FIRM, APC

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile**: 310-895-6318
**Email**: john@durrantlawfirm.com

| | |
|---|---|
| **From:** | John Durrant |
| **To:** | "Gershoni, Michael" |
| **Cc:** | "Zak Kurtz"; "xNIKE v. Kiy" |
| **Subject:** | RE: NIKE v. BY KIY, et al. - 1:23-cv-02431-VM (S.D.N.Y.) |
| **Date:** | Thursday, June 22, 2023 4:16:47 PM |
| **Attachments:** | image001.png |
| | image002.png |

Michael –

This email and your letter are overheated and unwarranted. In terms of the timing of a response to your letter, you know Zak had an illness requiring hospitalization and we were both separately out on vacation. We have made a substantial production of documents today and we will be making further productions shortly. Nike's productions have yielded almost no useful information or emails – we appear to be nowhere near having from Nike what we need to take depositions. This is a familiar strategy – Nike produces largely useless, unrequested documents. So, multinational corporations in glass houses shouldn't throw sneakers, or something…

Your letter jumps to conclusions – you are creating disputes where it doesn't seem there actually is a material dispute – for instance, your interpretation regarding "forecasts" is not correct; we weren't trying to be clever or exclude anything. We also didn't say that we wouldn't provide samples to you – we just wanted to discuss the matter further. You will not have to file a letter brief to get sample shoes – we were hoping to have a quid pro quo exchange; if you insist on an RFP from us in order to have such an agreement, it seems unnecessary, but we could do that. It is fair to know if Nike will accede to the request before we agree to a similar request.

Finally, I cannot draft a response to your letter by Monday. I do not see anything in Judge Marrero's rules allowing one side to impose such a short deadline. If there is such a provision, please let me know. If there is not, we demand a reasonable timeframe for any submission. We will point out that most of the issues are not correctly framed and will raise Nike's evasive document productions simultaneously with any submission to the Court.

My strong feeling, however, is that we should set up a time to discuss, take the temperature down, and set up a schedule that we can both manage for completing discovery in a rational way. My sense is that you are a lawyer who believes in civility and pragmatism – I respectfully believe there is a better way to handle this for all concerned.

Thanks,
John Durrant

**John Durrant, Esq.**
*Founder and CEO*

THE **DURRANT** LAW FIRM<sub>Strategic</sub>
**Advocacy. Clear Thinking.**

**Phone**: 424-273-1962
**Mobile**: 310-895-6318

> **Address:** 2337 Roscomare Road
> Suite 2180
> Los Angeles, California
> 90077
> **Email**: john@durrantlawfirm.com
>
> https://durrantlawfirm.com
>
> 

**From:** Gershoni, Michael <Michael.Gershoni@arnoldporter.com>
**Sent:** Thursday, June 22, 2023 2:40 PM
**To:** john@durrantlawfirm.com
**Cc:** Zak Kurtz <zak@sneakerlawfirm.com>; xNIKE v. Kiy <xNIKEv.Kiy@arnoldporter.com>
**Subject:** RE: NIKE v. BY KIY, et al. - 1:23-cv-02431-VM (S.D.N.Y.)

John,

As you are aware, the parties conducted a meet-and-confer on May 16, 2023, and Nike sent By Kiy a letter memorializing the parties' discussions promptly thereafter on May 18, 2023. In the May 18, 2023 letter, Nike specifically requested that By Kiy "let us know whether this comports with your recollection and, if not, let us know where your understanding differs." Now, a month later and nearly a month before the close of fact discovery, you are for the first time materially disputing the memorialization of our meet-and-confer, failing to provide confirmation that By Kiy will produce the types of documents we discussed, and continuing to delay Nike's ability to obtain relevant discovery or otherwise seek the Court's assistance to obtain the same. To make matters worse, By Kiy has yet to produce a single document in this case, whereas Nike has produced on a rolling basis 1,042 documents relevant to the parties' claims and defenses and responsive to By Kiy's document requests. By Kiy's delay is prejudicing Nike's ability to develop its case, and Nike cannot allow By Kiy to delay any further. Nike interprets By Kiy's delay as a refusal to (i) timely make its initial document production and substantially complete its document productions by July 1, (ii) produce representative physical samples in response to Nike's Request for Production No. 2, and (iii) respond to Nike's Interrogatory Nos. 9 and 10.

Pursuant to Section III of J. Marrero's Individual Practices, please find attached a draft joint letter detailing the parties' discovery disputes for which we seek assistance from the Court. Given By Kiy's continued delay and our proximity to the close of fact discovery, we request that you provide us with your positions by close of business Monday, June 26, 2023, in order to give Nike adequate time to respond. Nike intends to file this joint letter by no later than Wednesday, June 28, 2023. If By Kiy does not timely provide its positions, Nike will indicate so in the letter.

Relatedly, please find attached Nike's response to your June 16, 2023 letter.

Best,
Michael