

# THE **DURRANT** LAW FIRM

**Strategic Advocacy. Clear Thinking.**

July 5, 2023

<u>Via Email</u>

Bridgette C. Gershoni, Esq.
Michael Gershoni, Esq.
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743

Re:   *NIKE v. BY KIY, et al.* – 1:23-cv-02431-VM (S.D.N.Y.)

Dear Michael:

Hope you had a good Fourth of July.  On June 27, we sent an initial response to your June 26 letter.  This letter provides a further response to the issues in that letter and raises other issues that we have discussed in recent emails, letters, or otherwise.

I.   Discovery Timing and Depositions

Nike's document production is ongoing.  Notwithstanding the statements in your June 26 letter defending Nike's production, we continue to believe that Nike's production to date has been of little utility, and that has impaired our ability to prepare for deposition.  We have, as yet, very few useful documents from Nike, surely not because they do not exist but because Nike has elected not to yet produce them and instead produce other documents it knows will not help By Kiy.  We understand that Nike will produce emails this Friday.  That may (or may not) ameliorate this situation.  We will need time to review such emails, assess the completeness of the production, and prepare for depositions.

Nike's claim that it "will not agree" to a modification of the discovery schedule, in your

---

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile**: 310-895-6318
**Email**: john@durrantlawfirm.com

Arnold & Porter
July 5, 2023
Page 2

June 26 letter, is a position that cannot be reconciled with Nike's own relatively dilatory production of documents, which puts By Kiy in no position to take depositions.

We write to again request a mutual agreement to modify the discovery schedule, so that "Depositions of all parties shall proceed during the same time," in accordance with the Scheduling Order and Case Management Plan (ECF No. 75). In addition, we ask that you agree to take next week's depositions off-calendar without requiring that we involve the Court. We have asked for clarity on these points several times now and your responses have been equivocal indications of willingness to discuss altering the deposition schedule rather than what is required – that you rescind the notices that you unilaterally and prematurely served. Please respond by close of business tomorrow, July 7, 2023.

## II.     Interrogatories

We want to confirm that Nike agrees that "that both sides can issue LR 33.3(c) interrogatories when propounded [a]t the conclusion of other discovery" as set out in our June 29 email to you. As noted previously, Nike's Interrogatories do not comply with LR 33 and/or the Scheduling Order. Our agreement is premised on a mutual ability to issue Rule 33.3(c) interrogatories, to the extent allowed, at an appropriate time consistent with the Local Rules.

## III.    By Kiy's Request for Production 13

Your offer of production in response to this request is not adequate. We request each instance that Nike is relied on these statements to secure trademarks:

> a. NIKE has a "rigorous design and manufacturing process" (or materially similar language);
>
> b. NIKE's processes are "neither the shortest, nor the cheapest way to make shoes" (or materially similar language);
>
> 15
>
> c. NIKE's processes are "critical to meet the consumer's expectations for quality that consumers associate with NIKE" (or materially similar language);
>
> d. NIKE trade dress is "distinctive" (or materially similar language); and/or
>
> e. NIKE trade dress is "non-functional" (or materially similar language).

---

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

Please confirm your position regarding this request. We will raise this matter with the Court if Nike does not modify its position. Please agree to produce the documents. Limiting the production to the trademarks at issue in this case is insufficient.

### IV.    Nike's Request for Production No. 2

By Kiy has only made two "silhouettes," as we understand that term – the 1.0 and the 2.0. We will produce such samples shortly.

### V.    Adobe Illustrator Files

By Kiy is continuing to review and produce documents and disagrees with Nike's characterization of its production to date.

Our production of responsive "Adobe Illustrator" files is proper. Our ediscovery vendor uses a typical process consistent with that used by counsel in other cases– indeed, a similar process to that apparently used by Nike. We image responsive documents, insert a Bates number, and produce metadata. Documents from Adobe Illustrator will be imaged and produced in that manner – *see e.g.*, Bates Numbers KIY0000032 and KIY0000035. Please re-check the production. We believe our production of these documents is appropriate. We do not believe production of documents in native format is necessary, required, or proper. To date, Nike has not produced any .ai files or – it appears – images generated from such.

Sincerely,

**John Durrant, Esq.**
THE DURRANT LAW FIRM, APC

CC:  ZAKARI KURTZ, ESQ.

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com