# Arnold & Porter

July 6, 2023

**VIA EMAIL**

John Durrant
john@durrantlawfirm.com
The Durrant Law Firm
2337 Roscomare Rd., Suite 2180
Los Angeles, California 90077

Zakari Kurtz
zak@sneakerlawfirm.com
Sneaker Law Firm, PLLC
928 Washington St
Baldwin, NY 11510

   Re:  Nike Inc. v. By Kiy LLC et al., No. 1:23-cv-2431-VM (S.D.N.Y.)

Dear John,

  We hope you had a good Fourth of July as well. We write in response to your July 5, 2023 letter.

## I. Discovery Timing

  Nike does not agree to a modification of the discovery schedule.

  The Court entered the Case Management Plan on April 7, 2023. (ECF No. 75). While we understand that By Kiy disagrees with the Court's Order, By Kiy cannot circumvent it by refusing to meaningfully participate in discovery until the eleventh hour and then demand more time. Nor can By Kiy justify its demands with unsupported (and unsupportable) posturing concerning Nike's diligent discovery efforts. The facts speak for themselves:

- Both parties served their first set of discovery requests on March 17, 2023. Pursuant to By Kiy's request, Nike agreed to a mutual extension of fourteen (14) days, resulting in the parties' responses being due on May 1, 2023.

- Nike began its document productions on May 5, 2023 and to date has produced over a thousand documents relevant to this case and responsive to By Kiy's document requests. By Kiy did not produce a single document until over a month-and-a-half later. And notably, By Kiy's initial document production was served 1.5 hours after Nike indicated that it was seeking the Court's assistance in compelling By Kiy to produce documents.

**Arnold & Porter**

July 6, 2023
Page 2

- Nike offered a reasonable ESI stipulation to govern electronic discovery that would have provided By Kiy the ability to identify specific search terms and custodians for ESI productions. By Kiy categorically refused to negotiate an ESI stipulation.

- Nike served interrogatories within the time period permitted by the Case Management Plan. By Kiy elected not to serve interrogatories despite now requesting Nike's agreement to serve interrogatories out of time.

- Nike served requests for admissions within the time period permitted by the Case Management Plan. By Kiy elected not to serve requests for admissions.

- The parties met-and-conferred regarding various discovery issues on May 16, 2023. To ensure the timely resolution of these disputes, Nike promptly memorialized the parties' meet-and-confer on May 18, 2023 and requested that By Kiy "let us know whether [Nike's recollection] comports with [By Kiy's] recollection and, if not, let us know where [By Kiy's] understanding differs." By Kiy indicated its disagreement with the parties' positions during the meet-and-confer for the first time nearly a month after Nike's memorialization of the parties' positions — materially delaying Nike's ability to seek assistance from the Court.

- Nike timely noticed its depositions for the final weeks of fact discovery.

By Kiy cannot reasonably blame Nike for its own lack of diligence in conducting discovery or attempt to circumvent the Court-ordered discovery schedule. As we understand your letter, By Kiy is seeking an extension based on its unfounded assertions that Nike's document productions have been "dilatory" and that "Nike has elected not to" produce "useful documents." These accusations are untrue.

If "By Kiy [is] in no position to take depositions," it is not because of Nike. Contrary to your repeated and baseless assertions that Nike has yet to produce "useful" documents, Nike substantially and timely produced documents core to this case and responsive to By Kiy's requests. As an example, Nike's production included documents provided to the United States Patent and Trademark Office regarding the asserted trade dress, substantial evidence of Nike's enforcement of the asserted trade dress, including non-public correspondence with third-parties concerning infringement of the asserted marks, internal Nike documents concerning the history and design of the Air Jordan 1, marketing documents, including historical marketing documents, for the Air Jordan 1, and internal sales information dating back decades.

## II.  Interrogatories

Nike does not agree that By Kiy can serve additional discovery requests out of time, as your letter requests.

**Arnold & Porter**

July 6, 2023
Page 3

    Your assertion that Nike's Interrogatories do not comply with L.R. 33.3(c) or the Case Management Plan is unfounded. With respect to L.R. 33.3(c), we already explained, and By Kiy does not appear to dispute, that the plain language of the rule permits contention interrogatories. *See* S.D.N.Y. Local Rule 33.3(c) ("[I]nterrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise.").

    With respect to the Case Management Plan, By Kiy was on full notice of the deadlines set forth therein. By Kiy's late-change in position on June 29, 2023 (after the last day to serve discovery) contradicts what By Kiy submitted to the Court and what the Court ultimately ordered. As shown below, both Nike and By Kiy proposed dates for "Interrogatories to be served by all parties" that preceded the close of fact discovery.

> 5.    All fact discovery is to be completed:
>
>     a.    <u>Plaintiff's Proposal</u>: Within one hundred twenty (120) days of the date of this Order, specifically by not later than: July 25, 2023
>
>     b.    <u>Defendants' Proposal</u>: Within two-hundred and fifty (250) days of the date of this Order, specifically by not later than ***December 4, 2023***.
>
> 6.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.
>
> […]
>
>     b.    Interrogatories to be served by all parties by:
>
>         i.    <u>Plaintiff's Proposal</u>: April 28, 2023
>
>         ii.    <u>Defendants' Proposal</u>: ***November 1, 2023***

(ECF No. 69) (emphasis added).

### III.    Depositions

    Nike's notices of deposition are proper. The Case Management Plan requires that depositions be completed by July 25, 2023. In view of the above deadline, Nike timely and reasonably noticed depositions on Friday, June 23, 2023 for July 12-14, 2023 or at "such other date and time upon which the parties mutually agree."

**Arnold & Porter**

July 6, 2023
Page 4

By Kiy's intent to forego depositions or to force the parties into extending discovery to obtain them is clear. Nike will not allow it. First, By Kiy claimed that Nike's notices of depositions were improper because "depositions are not to be held until all parties have responded to initial requests for document production." As we explained in our June 26, 2023 letter, all parties here *have* "responded to initial requests for document production" on May 1, 2023 (*i.e.*, over two months ago).

Now, By Kiy asserts that Nike cannot move forward with depositions in the final weeks of fact discovery until By Kiy has noticed depositions for the "same time." But, under a reasonable interpretation of the Case Management Plan, By Kiy cannot hold Nike's ability to conduct depositions hostage by refusing to produce its witnesses or refusing to notice depositions of Nike's witnesses.

We again reiterate that we are willing to consider alternative dates for the depositions of By Kiy's witnesses consistent with the Court's scheduling order (*e.g.*, before July 25, 2023). Please let us know by close of business tomorrow, Friday, July 7, 2023, whether you propose alternative dates on or before July 25, 2023, for the depositions of By Kiy's witnesses.[1]

### IV.   By Kiy's Request for Production No. 13

Nike continues to object to this request, including because it seeks to impose a burden on Nike to search for and produce documents equally available to By Kiy. Nevertheless, Nike will produce this week non-privileged declarations and affidavits submitted to the United States Patent and Trademark Office in support of Nike's trade dress applications for footwear that it can locate after a reasonable search. We trust this resolves your concerns.

### V.   Nike's Request for Production No. 2

Your response states that By Kiy has only made two "silhouettes" – "the 1.0 and the 2.0." Please confirm whether By Kiy will produce a "1.0" and "2.0" By Kiy Sneaker for each of the high and low top versions of the By Kiy Sneakers, and that these samples will be available during the depositions of David Weeks, Nickwon Arvinger, and By Kiy LLC.

---

[1] Nike's request that By Kiy confirm by close of business tomorrow whether it proposes alternative dates is reasonable. Nike has already secured logistics for the above-mentioned depositions. Now, two weeks after Nike's notice of depositions and less than a week before the deposition of David Weeks, By Kiy has not yet confirmed it will make its witnesses available or proposed alternative dates before the close of discovery.

**Arnold & Porter**

July 6, 2023
Page 5

### VI.  Adobe Illustrator Files

Your production of images of the "Adobe Illustrator" files is not proper. First, Nike specifically defined Design Files to include ".ai" files. Second, Fed. R. Civ. P. Fed. R. Civ. P. 34(b)(2)(E)(ii) provides that "a party must produce [ESI] in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." As shown in our previous letter and reproduced below, we understand that By Kiy ordinarily maintains its Design Files in the ".ai" file format.



2022-01-03 Instagram post by @kool.kiy
(available at https://www.instagram.com/p/CYQZ_XKgQfK/)

Relatedly, images of the ".ai" files do not provide access to the individual layers used to create the designs, including the individual layer for the silhouette of the By Kiy Sneakers. To the contrary, as shown in the image above, the native ".ai" files do provide access to the individual layers.

Please confirm whether By Kiy will produce the ".ai" files in native format, or if not, provide your basis for not doing so.[2]

---

[2] To the extent your suggesting that your e-discovery vendor cannot produce the requested ".ai" files in native format, that suggestion appears to be incorrect. For example, both By Kiy and Nike have produced native documents. *See, e.g.*, KIY0000493; NIKE0007087.

### VII.   By Kiy's "Banned" Advertisement

By Kiy's advertisements for the By Kiy Sneakers are relevant to Nike's claims. This is particularly the case where By Kiy's advertising associates the By Kiy Sneakers with Nike and Nike's advertising.

On December 2, 2022, after Nike filed its Complaint in this case, By Kiy posted a video to its Instagram account that replicated Nike's famous "Banned" advertisement that (i) replaced Air Jordan 1s for a pair of the By Kiy Sneakers and (ii) concluded with By Kiy's logo.[3] At some point between December 2, 2022 and today, that post has been deleted from the @kool.kiy Instagram account despite the ongoing litigation between Nike and By Kiy, Nickwon Arvinger, and David Weeks.

Please confirm that By Kiy will produce a copy of that video by no later than Tuesday, July 11, 2023.[4]

Best regards,

Michael Gershoni

Michael Gershoni

---

[3] For reference, Nike's "Banned" commercial is available at https://www.youtube.com/watch?v=zkXkrSLe-nQ.

[4] *See, e.g.*, Nike's Request for Production No. 8 ("Promotional materials, including but not limited to marketing text and images, advertisements, brochures, and flyers, for any By Kiy Sneaker and/or any By Kiy Sneaker event.").