# Arnold & Porter

July 7, 2023

**VIA EMAIL**

John Durrant
john@durrantlawfirm.com
The Durrant Law Firm
2337 Roscomare Rd., Suite 2180
Los Angeles, California 90077

Zakari Kurtz
zak@sneakerlawfirm.com
Sneaker Law Firm, PLLC
928 Washington St
Baldwin, NY 11510

Re:   Nike Inc. v. By Kiy LLC et al., No. 1:23-cv-2431-VM (S.D.N.Y.)

Dear John,

We write to correct misrepresentations in your July 6, 2023 letter and to address your threat to improperly file an *ex parte* motion.

***First***, your letter incorrectly asserts that "[you] **immediately** objected and consistently said [you] would not be able to attend" the depositions Nike noticed for July 12-14, 2023 (2023-07-06 J. Durrant Letter) (emphasis in original).  Your letter also incorrectly asserts that your threat to file an *ex parte* motion is based on "an emergency created solely by Nike."  Neither of these are true.  The first instance in which you stated that you cannot attend the depositions was late last night in your July 6, 2023 letter.  For your reference:

- Nike noticed the depositions of David Weeks, Nickwon Arvinger, and By Kiy LLC on June 23, 2023.

- On June 23, 2023, By Kiy served a letter that did not state you would not be able to, or would not, attend at the noticed times.

- On June 26, 2023, Nike served a letter explaining that our notices of deposition explicitly provided that the parties may mutually agree on another date and time, and asked you whether you had a reasonable suggestion for another date and time consistent with the Court's scheduling order.

- On June 27, 2023, By Kiy served a letter that did not address the depositions of By Kiy's witnesses.

**Arnold & Porter**

July 7, 2023
Page 2

- On July 5, 2023, nearly two weeks after Nike noticed the depositions of David Weeks, Nickwon Arvinger, and By Kiy LLC, By Kiy served a letter that requested, for the first time, that Nike rescind its notices of depositions.

- On July 6, 2023, Nike served a letter reiterating our willingness to consider alternative dates for the depositions of By Kiy's witnesses consistent with the Court's scheduling order.

As explained in our previous correspondence, Nike timely noticed its depositions for the final weeks of fact discovery. To the extent there is an "emergency," as you suggest, it was caused by By Kiy's attempts to circumvent the Court's scheduling order, By Kiy's failure to timely indicate that it would not attend the depositions on the noticed dates, and By Kiy's refusal to provide alternative dates.

***Second***, there is no basis for your statement that By Kiy "cannot yet notice reciprocal depositions" based on Nike's document productions to date or your accusation that Nike produced documents Nike "know[s] will be of little use[.]" As we have repeatedly explained and provided support for, Nike has made substantial document productions core to this case and responsive to By Kiy's discovery requests. And, consistent with our June 29, 2023 correspondence, Nike completed its email production today.

While we understand that the matter of email productions appears to be your general basis in delaying to fulfill By Kiy's own discovery obligations, including refusing to make By Kiy's witnesses available for deposition, we again reiterate that it is unfounded and improper. For example, beyond conclusory statements that "[o]ur requests should yield a substantial volume of emails" and referring to emails generally as "material" (2023-06-23 J. Durrant Ltr.), you have yet to provide any explanation to support these statements beyond anecdotal explanations that you "have represented major corporations and worked as an associate and partner at a major Firm." (2023-06-23 J. Durrant Ltr.).[1] As with many of the other statements in your letter, including referencing what you perceive to be Nike's litigation conduct from prior cases, we understand these statements – without support – to be mere posturing.

We further note again that Nike offered By Kiy a reasonable ESI stipulation to govern the discovery of emails, which you have characterized as "material" and "important." This ESI stipulation would have provided By Kiy the opportunity to provide the specific search terms and custodians it believes would have produced the emails By Kiy claims is important to Nike, but has not explained how. Yet, By Kiy refused to even negotiate the terms of an ESI stipulation. Nike, therefore, promptly and diligently

---

[1] We note that despite these assertions, By Kiy has produced only eleven (11) emails of no conceivable or limited relevance to this case, including, for example, images of Dennis Rodman basketball cards that do not feature the By Kiy Sneakers, AirBnB listings, or textless emails containing attachments of the designs of By Kiy's sneaker boxes.

**Arnold & Porter**

July 7, 2023
Page 3

conducted a reasonable search for responsive email and, as already noted, Nike completed its email production today.

***Third***, your threat to file an *ex parte* motion is inconsistent with the local rules. Judge Marrero's Individual Practices plainly provide that discovery disputes should be handled through submitting a joint letter to the Court. J. Marrero Individual Practices, Sec. III. And, even if you contend that this is a procedural issue, as opposed to a discovery issue, Judge Marrero's Individual Practices provide for the filing of motions to which all parties have an opportunity to respond. J. Marrero Individual Practices, Sec. II.A.

We understand from your letters that By Kiy refuses to make its witnesses available for depositions before the close of fact discovery on July 25, 2023. We are serving contemporaneously herewith a joint discovery dispute letter seeking to compel By Kiy to produce its witnesses for deposition before the close of fact discovery. Please provide your positions by COB Monday, July 10, 2023.[2]

Best regards,

*Michael Gershoni*

Michael Gershoni

---

[2] We reiterate that we are, and have been, willing to reschedule the depositions to a mutually agreeable date before the close of fact discovery. If you have alternative dates, please provide them as requested in our July 6, 2023 letter.