

# THE **DURRANT** LAW FIRM

**Strategic Advocacy. Clear Thinking.**

July 7, 2023

<u>Via Email</u>

Bridgette C. Gershoni, Esq.
Michael Gershoni, Esq.
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743

Re:   *NIKE v. BY KIY, et al.* – 1:23-cv-02431-VM (S.D.N.Y.)

Dear Michael:

We are in receipt of your second letter today, which reasserts the same extortive demand you have made before: Nike will only move depositions if we agree to schedule depositions *before receiving and reviewing Nike's Documents*. We refused to accede to Nike's "*Catch-22*" proposal in yesterday's letter, in which we also represented that we have *not* refused to schedule depositions before the discovery cut-off, as you claim. Since you seem to have somehow missed these points, I have highlighted our prior letter for you (attached).

Sincerely,

*[signature]*

John Durrant, Esq.
THE DURRANT LAW FIRM, APC

CC:  ZAKARI KURTZ, ESQ.

---

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile**: 310-895-6318
**Email**: john@durrantlawfirm.com



# THE **DURRANT** LAW FIRM

**Strategic Advocacy. Clear Thinking.**

July 6, 2023

<u>*Via Email*</u>

Bridgette C. Gershoni, Esq.
Michael Gershoni, Esq.
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743

Re:   *NIKE v. BY KIY, et al.* – 1:23-cv-02431-VM (S.D.N.Y.)

Dear Michael:

We are in receipt of your letter today that we will respond to as we are able regarding the broader issues.

Depositions are an urgent issue, however. And on that specific count, Nike's conduct is beyond the bounds of proper advocacy. It is – in this context – extortive. You noticed depositions without clearing dates and around a holiday period. We **immediately** objected and consistently said we would not be able to attend at that time. You then consistently gave vague assurances that Nike would move the dates, but never actually agreed to move them.

You did so when you knew we cannot yet notice reciprocal depositions, because Nike has not produced documents, such as emails, that could be used in the depositions of the corporate witnesses you have identified or others.

This conduct is not accidental. Your Firm did this same thing before in another Nike case. Everything is the same – you noticed a deposition precipitously and without clearing dates and then refused to move it to attempt to extract concessions.

---

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

Arnold & Porter
July 6, 2023
Page 2

Nike has an apparent aim of one-way litigation in trademark cases against small opponents. But that is not how the law works and not what will happen in this case.

The delays in the schedule are not our fault. Much as you try to distract from the issue, **we still have no emails at all from Nike**. You produced documents you know we already have, such as USPTO submissions, and or things that you know will be of little use, such as a litany of pictures of Nikes.[1]

But, just try explaining it to a Court. No emails. One of the world's biggest companies can't produce any emails over three months. Or you dump them tomorrow when you know we will have a very difficult time reviewing them. Try explaining that.

I can give you my assurance that we are not interested in delaying depositions. They are going to happen before long – the idea that this is some dastardly scheme to avoid discovery isn't what is happening.

We just want to get what we need to take depositions and have them all – both sides – scheduled at the same time. It's possible that could happen before the discovery cut-off but it seems unlikely we will be able to review a proper and complete production of documents by Nike and be ready that quickly. And, deposition scheduling should happen through dialogue among attorneys acting like adults that respect each other's schedules – not unilateral demands. No one likes being bullied, after all. And, you will find that it isn't necessary or helpful to litigate that way.

Please appreciate that what we cannot do is rush to agree to have our clients' depositions taken by a date certain, simply because you have noticed depositions in an improper manner and will not move them.

We will not accede to a demand to schedule the depositions before a cut-off because we cannot do so in a rational manner. By not producing emails, Nike has placed us in a blind – Nike has deprived us of the very information we need to prepare for deposition. Without a meaningful production of documents, we do not know what we need to do to prepare for depositions of Nike's witnesses. And we simply will not agree to one-way litigation, one-way depositions. Judge Marrero's rules also contemplate simultaneous depositions.[2]

---

[1] It is the same thing Nike and your Firm did in the other case, though in that case the strategy was to produce 97,000+ pages of useless and largely irrelevant documents.

[2] We believe that the reference to "responded to initial requests for document production" is meant in the traditional sense – i.e., a production of *responsive* documents which can accompany responses. Documents produced are part of the response. The responses and objections

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

We need to raise your refusal to alter the deposition schedule with the Court.  If you will not take the depositions off calendar voluntarily, we will have to do so by ex parte motion.  This will be an emergency created solely by Nike, a product of a departure from litigation norms.  It will drain my clients' resources away from work to help produce documents and towards and entirely avoidable discovery dispute.  While Nike is being unpleasant, none of this is in Nike's interests.  It's incivility for its own sake.

Please respond by **noon tomorrow Eastern Time** with confirmation that the depositions will not be taken off calendar.

Sincerely,

**John Durrant, Esq.**
THE DURRANT LAW FIRM, APC

CC:  ZAKARI KURTZ, ESQ.

---

themselves are not useful in a deposition, so Nike's reading doesn't make sense and does not appear to be what the Court intends.

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com