July 11, 2023

**VIA EMAIL AND ECF**

Hon. Sarah L. Cave
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 18A
New York, NY 10007-1312

      Re:    *Nike Inc. v. By Kiy LLC et al.*, No. 1:23-cv-2431-VM (S.D.N.Y.)

Dear Judge Cave:

      We represent Plaintiff, Nike Inc. There is no legitimate emergency that warrants Defendants' *ex parte* motion. By flatly refusing to provide Nike with any dates for their depositions prior to the close of fact discovery, defendants By Kiy LLC, Nickwon Arvinger, and David Weeks (collectively, "By Kiy") have manufactured this purported crisis and are using it to try to help themselves to an extended discovery schedule like the one they initially sought but the Court rejected.

      In short, Defendants have failed to diligently conduct discovery for the past four months, and they now want the Court to bail them out. Nike, in contrast, diligently conducted discovery and is prepared to complete fact discovery by the deadline. It does not matter that By Kiy believes "[t]he schedule in this case was never going to be workable." ECF No. 86-1 at 5 (June 23, 2023 J. Durrant Ltr.). It was the schedule ordered by this Court and the parties had an obligation to conduct themselves in accordance with it. Having largely ignored the Court's schedule, By Kiy should not now be rewarded with a discovery do-over.

      **1.**   **By Kiy's Request for a Protective Order Should be Denied**

      There is no legitimate emergency necessitating the extraordinary *ex parte* request that the Court enter a protective order "postponing" the depositions of By Kiy's witnesses until an unspecified future date after the close of fact discovery. Nike noticed the depositions of the defendants weeks ago on June 23, 2023 for July 12-14, 2023 or at "such other date and time upon which the parties mutually agree." (*e.g.*, ECF No. 80-1). While By Kiy represents that "defendants cannot appear for depositions on July 12-14" (ECF No. 79 at 10), Nike has requested no less than five times over the past two weeks that By Kiy provide alternative dates before the close of fact discovery if defendants were unavailable on the noticed dates, and Nike has been crystal clear that it remains willing to take the depositions on any dates that work for By Kiy and its counsel prior to the July 25 close of fact discovery. (ECF No. 80-5 at 6, 80-8 at 4, 80-9 at 3, n. 2, 80-12 at 1). But By Kiy has

July 11, 2023
Page 2

refused to provide any alternative dates. (*See, e.g.*, ECF No. 80-9 at 2) ("We will not accede to a demand to schedule the depositions before a cut-off[.]").[1]

By Kiy's argument that it should not be required to produce its witnesses for depositions before the close of fact discovery because Nike has not produced enough documents is unwarranted and fundamentally flawed. If By Kiy had issues with Nike's document production, By Kiy should have moved to compel. It cannot be the case that By Kiy can hold hostage the depositions of its witnesses based on its unilateral decision that Nike's document production is allegedly insufficient.

In any event, Nike's document production is not insufficient. Nike has diligently participated in discovery, and Nike has substantially completed its document production to date in response to By Kiy's requests. More specifically, Nike began its document productions on May 5, 2023 (*i.e.*, four days after responding to initial requests for production) and has produced over one thousand relevant, responsive documents. Contrary to By Kiy's characterization of Nike's document production, Nike has produced substantial documents core to this case and responsive to By Kiy's requests. Nike's production includes documents provided to the United States Patent and Trademark Office regarding Nike's footwear trade dress, including the asserted trade dress; substantial evidence of Nike's enforcement of the asserted trade dress, including non-public correspondence with third-parties concerning infringement of the asserted marks; internal Nike documents concerning the history, design, and marketing of the Air Jordan 1; internal sales information dating back decades; documents showing actual consumer confusion; documents showing Air Jordan 1 and By Kiy Sneakers being sold in the same channels of trade, and internal Nike communications concerning By Kiy's infringements.[2]

By Kiy's related assertion that Nike's ESI production is incomplete and delayed is likewise incorrect. Nike proposed an ESI stipulation to govern electronic discovery that would have provided By Kiy the ability to identify specific search terms and custodians it deemed were important to its claims and defenses. By Kiy categorically refused to negotiate an ESI stipulation. *See* ECF No. 86-2 (June 16, 2023 J. Durrant Ltr.). In view of that, Nike promptly conducted a reasonable search for, and completed its production of, ESI responsive to By Kiy's requests. By Kiy alleges throughout its *ex parte* motion that Nike should produce more emails, but By Kiy fails to identify—and has never identified to Nike—any specific emails it believes are missing, and again, has not moved to compel.

---

[1] Nike is also filing a letter-motion today asking the Court to compel By Kiy to produce its witnesses for depositions on or before the close of fact discovery on July 25, 2023.

[2] By Kiy inexplicably asserts that such documents are of "relatively little use with a tenuous connection to Defendants' Requests[.]" ECF No. 79, 8. Even the examples of documents that By Kiy includes in its motion are clearly relevant to the parties' claims. *See, e.g., Metrokane, Inc. v. The Wine Enthusiast*, 160 F. Supp. 2d 633, 639 (S.D.N.Y. 2001).

July 11, 2023
Page 3

## 2. By Kiy's Request to Extend the Scheduling Order Should be Denied

There is no legitimate emergency necessitating By Kiy's *ex parte* request that the Court extend the Scheduling Order, nor is there good cause to grant the same. *First*, By Kiy's request for extraordinary *ex parte* relief to extend the Scheduling Order is improper because there is no emergency. While By Kiy "admittedly [has] not completed [its] own production of documents[,]" there is still over two weeks left until the close of fact discovery on July 25, 2023. *Second*, By Kiy cannot establish "good cause" for extending the discovery schedule. A "finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)). By Kiy cannot show that it has been diligent. Below is a timeline of the relevant discovery activity to date.

- Nike began its document productions on May 5, 2023, and to date Nike has produced over a thousand relevant and responsive documents. By Kiy did not produce a single document until June 22, 2023.

- Nike offered a reasonable ESI stipulation to govern electronic discovery that would have provided By Kiy the ability to identify specific search terms and custodians for ESI productions. By Kiy categorically refused to negotiate an ESI stipulation.

- Nike served interrogatories and requests for admissions within the time period permitted by the Court's Scheduling Order. By Kiy did not serve interrogatories or requests for admissions.

- By Kiy delayed nearly a month in responding to Nike's discovery correspondence. ECF No. 80-5 at 1 (June 26, 2023 M. Gershoni Ltr.).

- Nike timely noticed depositions of Defendants weeks ago on June 23, 2023 for the final weeks of fact discovery. (*E.g.*, ECF No. 80-1). On Saturday, July 8, 2023, By Kiy requested for the first time that Nike provide, within one business day, deposition dates for at least six (6) Nike witnesses.[3] Despite the unreasonable request, Nike has already responded with deposition dates for its witnesses.

Nike also notes that By Kiy's proposed modifications to the case schedule are not limited to document production and depositions, as By Kiy suggests in its motion. Instead, By Kiy also proposes extending the deadlines so that it can serve interrogatories and requests for admission—discovery it could have previously served, but elected not to. By Kiy also states it intends to file a Rule 12(c) motion on the pleadings—a motion it could have filed many months ago but would be untimely at this stage of the case.

For all of the above reasons, Nike requests that the Court deny By Kiy's *ex parte* motion in its entirety.

---

[3] The Scheduling Order limits fact depositions to five per side. (ECF No. 75).

July 11, 2023
Page 4

                                                                           Best regards,

                                                                           Christopher J. Renk