July 11, 2023

**VIA EMAIL AND ECF**

Hon. Sarah L. Cave
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 18A
New York, NY 10007-1312

      Re:   *Nike Inc. v. By Kiy LLC et al.*, No. 1:23-cv-2431-VM (S.D.N.Y.)

Dear Judge Cave:

      We represent Plaintiff Nike, Inc. Nike requests that the Court compel the Defendants, By Kiy LLC, Nickwon Arvinger, and David Weeks (collectively, "By Kiy"), to promptly provide dates upon which they will make themselves available for depositions before the close of fact discovery on July 25, 2023.[1]

      We certify we have conferred in good faith with By Kiy's counsel regarding this dispute, including through weeks of correspondence pursuant to Judge Marrero's specific procedures. Most recently, yesterday the undersigned conferred with John Durrant, counsel for Defendants, by telephone. Nike asked for the fifth time over the last few weeks for By Kiy to provide dates for the depositions prior to the current close of discovery. Mr. Durrant would not provide them. The call lasted three minutes. While Mr. Durrant unilaterally ended the call, Nike previously informed him pursuant to Judge Marrero's procedures that it intended to move to compel on this issue, including by sending a draft joint letter detailing Nike's positions. By Kiy refused to provide By Kiy's positions for the joint letter. ECF No. 80-11 ("[A] joint letter is not procedurally appropriate here.").

      This dispute arises from By Kiy's failure to fulfill its own discovery obligations and its failure to meaningfully participate in discovery for the past four months. Having failed to do so, By Kiy is now refusing to provide dates for the depositions of its witnesses in an attempt to force Nike and the Court to hit the reset button on fact discovery.

      Judge Marrero entered the Case Management Plan on April 7, 2023, which requires that fact discovery be completed by July 25, 2023. ECF No. 75. On June 23, 2023, Nike timely noticed depositions of defendants David Weeks, Nickwon Arvinger, and By Kiy LLC for the final weeks of fact discovery (July 12-14, 2023)[2] or at "such other date and time upon which the parties mutually agree." *E.g.*, ECF No. 80-1.

---

[1] This motion relates to the dispute in By Kiy's *ex parte* motion. By Kiy has suggested it will make its witnesses available if the Court denies that motion, but because By Kiy has not provided specific dates, Nike believes this motion to compel remains necessary.

[2] By Kiy represented to the Court that "Defendants cannot appear for depositions on July 12-14, 2023[] because counsel is unavailable[.]" ECF No. 79 at 10.

1

July 11, 2023
Page 2

By Kiy flatly refuses to provide dates for the depositions of its witnesses before the close of fact discovery—telling Nike "[w]e will not accede to a demand to schedule the depositions before a cut-off[.]" ECF No. 80-9 at 2 (July 6, 2023 J. Durrant Ltr.). But that cut-off is not some arbitrary date set unilaterally by Nike: It is the Court-ordered date for the close of fact discovery, a date By Kiy has been well aware of since the opening days of this litigation when By Kiy sought, and the court rejected, an extended discovery period. To justify its refusal to provide deposition dates in keeping with the Court's schedule, By Kiy has wrongly asserted that Nike's discovery efforts have put "By Kiy in no position to take depositions" and that Nike may not take its noticed depositions unless and until By Kiy notices depositions for the same time. *See* ECF No. 80-9 at 2.[3]

By Kiy's assertion that Nike's discovery efforts to date have put "By Kiy in no position to take depositions" (ECF No. 80-7 at 2 (July 5, 2023 J. Durrant Ltr.)) is irrelevant to By Kiy's refusal to identify dates for Nike to take depositions of By Kiy's witnesses, but it is also entirely unsupported. Nike began its document productions months ago and to date has produced over one thousand documents relevant to the parties' claims and defenses and responsive to By Kiy's discovery requests. As an example, Nike's production includes documents provided to the USPTO regarding Nike's footwear trade dress, including the asserted trade dress; substantial evidence of Nike's enforcement of the asserted trade dress, including non-public correspondence with third-parties concerning infringement of the asserted marks; internal Nike documents concerning the history and design of the Air Jordan 1; internal sales information dating back decades; documents showing actual consumer confusion; and documents showing Air Jordan 1 and By Kiy Sneakers being sold in the same channels of trade. Nike has also conducted a reasonable search and produced emails that are responsive to By Kiy's discovery requests. In fact, Nike believes it has substantially completed its document production in this case to date.

By Kiy's refusal to provide dates when it will produce its witnesses for deposition therefore cannot be reasonably based on Nike's document productions to date. Rather, as By Kiy has made clear through its correspondence, By Kiy refuses to engage in scheduling the depositions of its witnesses before the close of fact discovery because it intends to force the parties and the Court to extend the discovery schedule. *See* ECF No. 87-1 (June 23, 2023 J. Durrant Ltr.) ("The schedule in this case was never going to be workable."). Notably, By Kiy has yet to identify specific deficiencies in Nike's document production or move to compel the production of the same.

But By Kiy cannot justify its refusal to meaningfully participate in discovery until the eleventh hour to obtain an extension based on Nike's discovery efforts. Below is a timeline of the relevant discovery milestones to date.

---

[3] By Kiy also asserts Nike's notices of depositions are improper because "depositions are not to be held until all parties have responded to initial requests for document production" *See* ECF No. 87-1 (June 23, 2023 J. Durrant Ltr.). The parties *have* "responded to initial requests for document production" over two months ago on May 1, 2023.

July 11, 2023
Page 3

- Both parties served their first set of discovery requests on March 17, 2023. Pursuant to By Kiy's request, Nike agreed to a mutual extension of fourteen (14) days, resulting in the parties' responses being due on May 1, 2023.

- Nike began its document productions on May 5, 2023 and to date has produced over a thousand documents relevant to this case and responsive to By Kiy's document requests. By Kiy did not produce a single document until over a month-and-a-half later on June 22, 2023.

- Nike offered a reasonable ESI stipulation to govern electronic discovery that would have provided By Kiy the ability to identify specific search terms and custodians for ESI productions. By Kiy categorically refused to negotiate an ESI stipulation. Nike then promptly conducted a reasonable search for, and produced, ESI responsive to By Kiy's requests for production.

- Nike served interrogatories and requests for admissions within the time period permitted by the Case Management Plan. By Kiy elected not to serve interrogatories or requests for admissions.

- By Kiy delayed nearly a month in responding to Nike's discovery correspondence. ECF No. 80-5 at 1 (June 26, 2023 M. Gershoni Ltr.).

- Nike timely noticed its depositions over two weeks ago on June 23, 2023 for the final weeks of fact discovery. On Saturday, July 8, 2023, By Kiy demanded dates Nike would make at least six persons[4] available for deposition within one business day. ECF No. 80-14 at 1 (July 8, 2023 J. Durrant Ltr.).

The Court should not permit By Kiy to hold Nike's ability to conduct depositions or the case schedule hostage by refusing to schedule the depositions of its witnesses. *See* ECF No. 80-9 at 2 (July 6, 2023 J. Durrant Ltr.) ("We will not accede to a demand to schedule the depositions before a cut-off[.]"); ECF No. 87-1 (June 23, 2023 J. Durrant Ltr.) ("The schedule in this case was never going to be workable."). This is especially true here where By Kiy has refused to answer all but one of Nike's interrogatories based on its representation that it would produce documents sufficient to answer such requests (it has not)[5] and its assertion that the requests are a "classic issue for deposition testimony." ECF No. 87-2 at 6, 7 (May 9, 2023 J. Durrant Ltr.).

Nike, therefore, requests that the Court compel By Kiy to promptly identify dates before the July 25, 2023 close of fact discovery when it will produce David Weeks, Nickwon Arvinger, and By Kiy LLC for depositions.

---

[4] The Case Management Plan limits fact depositions to five per side. ECF No. 75.
[5] For example, By Kiy has yet to produce revenue information for the infringing products.

July 11, 2023
Page 4

                                              Best regards,

                                              Michael J. Gershoni