# Exhibit 2

# THE **DURRANT** LAW FIRM

**Strategic Advocacy. Clear Thinking.**

May 9, 2023

<u>*Via Email*</u>

Bridgette C. Gershoni, Esq.
Michael Gershoni, Esq.
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, District of Columbia 20001-3743

Re:   *NIKE v. BY KIY, et al.* - 1:23-cv-02431-VM (S.D.N.Y.)

Dear Bridgette and Michael:

As you know, this Firm and Zak Kurtz of SNEAKER LAW FIRM represent By Kiy, LLC ("By Kiy"), David Weeks, and Nickwon Arvinger. This letter discusses issues with Nike's initial disclosures and discovery responses. It also addresses and responds to Nike's letter sent on May 4, 2023, regarding By Kiy's responses to Nike's Request for Production and Interrogatories.

I. **Nike's Initial Disclosures**

Rule 26(A)(a)(iii) provides that Nike must provide:

> a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered. . .

Nike has not provided any meaningful disclosure under this Rule or any documents. Nike's Initial Disclosure states:

> Nike's computation of damages will be based, at least in part, on discovery it obtains from the Defendants and expert testimony. Nike will supplement these initial disclosures to provide a more detailed computation of damages after it obtains discovery from the Defendants.

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile**: 310-895-6318
**Email**: john@durrantlawfirm.com

Arnold & Porter
May 9, 2023
Page 2

> That said, Nike seeks all damages caused by the Defendants' infringement of each of the Asserted Marks, including three times the amount of compensatory damages and increased profits made by the Defendants from their infringement of each of the Asserted Marks pursuant to 15 U.S.C. § 1117. Additionally, Nike seeks its costs in this action and its reasonable attorneys' fees, which will be computed according to the lodestar method of multiplying reasonable hourly rate times reasonable hours expended.

This is mainly an empty recitation of the potential legal standard in 15 U.S.C. § 1117, rather than a factual, reasoned statement of the damages Nike will seek in this case. It is not disclosure, as much as it is a restatement of allegations. While it is likely the case that unjust enrichment type recovery would involve documents acquired in discovery, alleged damages should involve documents and information solely within Nike's possession, custody, and control. Nike has made no attempt to set out its claimed damages or even a method for (i) calculating alleged harm to Nike; or (ii) ascertaining unjust enrichment to By Kiy. As this instant lawsuit is closely similar to numerous other Nike lawsuits, we would have expected a substantive response – that is, if Nike actually has damages. We therefore request that Nike supplement this response without delay.

## II.   Nike's Discovery Responses to By Kiy's Requests for Production (Nos. 1-21)

In its objections to By Kiy's First Request for Production, Nike makes a series of standard "form" objections to the Request for Production, both in the "General Objections" and the individual responses. These objections are similar in substance to objections that By Kiy made to Nike's requests for production. Please confirm that Nike has no current plans to withhold documents on the basis of these objections. Nike has made a similar inquiry of By Kiy, which we respond to below.

### a.   Request for Production 1

Please confirm that Nike will produce all requested documents and that Nike's objections and response are not meant to suggest that only some requested documents will be produced.

### b.   Requests for Production 3-6, 10, 12-16, 18, 20

The Parties do not have an agreed path forward on the '305 Registration, yet, so we do not agree to any modification in the scope of review or production at this time. Nike has requested that By Kiy unilaterally dismiss its Counterclaim without any modifications to the Complaint. That is not agreeable – we have previously expressed resistance to that

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

approach.  There are allegations regarding our clients' alleged violation of this Registration in the Complaint; as such we cannot modify our Counterclaim as proposed.  It is not clear to us that there is a standing issue for By Kiy in pursuing the Counterclaim, regardless; if you have authority on that point, please provide it.

    c.   Requests for Production 4-6, 10-16, 18, 20

For many requests, you have specifically objected that you will not produce attorney-client and work product documents.  While those are valid objections if applied properly, we request clarification of whether this objection is made prophylactically or because Nike knows that there are responsive documents for which it will claim the privilege or protection, and – if so – the general nature of the documents being withheld.  If Nike is protecting as "work product" studies of customer behavior or files of allegedly infringing shoes, for instance, that would be a concern.

    d.   Requests for Production 10

We do not view the date limitation in Nike's response as appropriate or rational.  By Kiy is entitled to know the extent of claimed violation of the trade dress over time, particularly as Nike is claiming rights that arise over time.  We believe very similar shoes have been ubiquitous in the market before and after when the Jordan-1 was sold.  Also, we do not believe that non-disclosure or similar confidentiality agreements provide a reason for withholding documents in discovery.  Two parties cannot agree to contract around court discovery processes, particularly those involving a nonparty to that agreement.  A "confidential" designation under the protective order *may* be appropriate, but an NDA cannot exempt documents from discovery altogether.

    e.   Requests for Production 12

The limitation of Mr. Hibler's declarations or affidavits to certain trademark registrations is not acceptable.  We are entitled to all such documents, which pertain to our argument that Nike used form declarations of questionable probity to secure trademarks.

    f.   Requests for Production 13

The agreement to produce only certain documents submitted to the USPTO is unacceptable, particularly as Nike already has agreed to produce the same documents for other Requests.  Nike has refused to produce any additional documents under this request.  This position is not acceptable because the documents are directly relevant to the matters at issue.

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

    g.  Requests for Production 18

We are entitled to understand Nike's business strategy, if any, in pursuing trademark litigation, like the instant case. We will meet and confer regarding this request, but this is properly discoverable.

    h.  Requests for Production 21

Nike's concern regarding this request is not clear. We will meet and confer regarding this request.

## III.   By Kiy's Discovery Requests

The balance of this letter responds to Nike's May 4, 2023 discovery letter.

    a.  Requests for Production

        i.  "By Kiy Sneaker"

By Kiy has indeed designed sneakers other than those Nike has made allegations concerning and that have no relevance here. So, the assumption embedded in Nike's definition is incorrect. We believe our responses indicates appropriate agreements to produce.

        ii.  General Objections

Nike raises issues with By Kiy's general objections. This is quite odd, since Nike has made essentially the same objections to By Kiy's requests. For instance, both Nike and By Kiy have objected that requests are overly broad. (*See* Nike's second general objection to By Kiy's Requests for Production.) We view such objections as legally proper, necessary, and ordinary at this stage of the proceedings. We are not prepared to make any further statements at this time about our production unless Nike agrees to do the same. We do not believe clarification is required at this time (i.e., prior to the production of documents) and Nike has presented no authority requiring such clarification.

        iii.  "Accused Products as depicted in the Complaint"

We are not trying to exclude relevant or potentially relevant documents with this definition in our responses. If you would like to provide a different definition that limits the scope of your requests to documents regarding the matters at issue in this case, we

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

are amenable to considering it.  We were planning to include documents concerning all colorways of the By Kiy shoes included in the Complaint, for instance.

### iv.  Request No. 2

We should discuss this request.  It is unclear to us why images would not serve Nike's purposes here.  Nike's repeated claims of "near verbatim copies" are something that we disagree with and that do not clarify why a physical shoe is needed over an image.  The other information you are seeking to justify the request seems improper in a meet and confer.  We are happy to discuss this matter further as needed.

### v.  Request 4 and 5

Please accept our apology for missing the definition of "Design File."  Subject to and without waiving the General Objections set out in By Kiy's Response, By Kiy will produce non-privileged documents requested in Requests 4 and 5 within its possession, custody, and control concerning the Accused Products as depicted in the Complaint and materially similar or identical products, if any, that are located after a reasonably diligent search.

### vi.  Requests 10 and 22

Contrary to Nike's claims, By Kiy has not refused to produce documents in response to these requests, but rather asked to discuss the requests to better understand what Nike asks to be produced.  We hope to have that discussion at your earliest convenience.

### vii.  Request 18

A request for By Kiy's financial statements is not appropriate.  Such requests are rarely appropriate, outside of certain books and records actions, certain financial disputes, or other matters where a financial stakeholder or fiduciary is entitled to such information.  If Nike has any authority supporting a request for production of all financial statements by a defendant in a trademark dispute it would be surprising, but we will review it in good faith.

### viii.  Request 13

We will consider a request that narrows the timeframe to the limitations period applicable to Nike's claims.  It does not appear, however, that the timeframe will affect the documents By Kiy will have to produce.

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

      ix.  Request 15

By Kiy would like to clarify its position.  Subject to its General Objections, By Kiy will be producing documents related to the costs of manufacture and sale of the products at issue, which along with documents concerning revenues, which By Kiy will also produce, can be used by experts to determine profitability.

The issue of profits calculations is one I have previously discussed with Nike attorneys.  15 U.S.C. § 1117 contemplates a process for ascertaining profits for alleged trademark infringement.  It is a potentially complicated process and seems likely to require expert testimony in most cases.

      x.  Requests 28-35

We are happy to discuss these requests further.  Requests 28 and 29 are vague and pertain to Nike's largely defective interrogatories discussed below.  Request 30 is, as far as we know, an improper inquiry at this stage of the proceedings; if you have any authority that Nike can seek documents regarding our client's ability to pay a judgment, please provide it.  Request 31-35 are each unusually vague requests; it is unclear what Nike wants to be produced.

    b.  Interrogatories

While we also are happy to discuss this matter further, the plain language of SDNY Local Civil Rule 33.3 seems to preclude most of Nike's Interrogatories.  Nike has presented no case law authority or argument that expands the strict limitations in the plain language of the Rule in the way Nike argues is appropriate here.  It appears that Nike promulgated the Interrogatories without knowledge of Rule 33.3, because it is not possible to credibly rationalize Nike's interrogatories under the Rule.

While we have a short discovery schedule in this matter, the fact is that Nike served its Interrogatories on the very first day that it was able to serve discovery, the day of the FRCP 26(f) meet and confer.  Accordingly, it is only Rule 33.3(a) that applies here at the "commencement of discovery."  Nike presents no argument that most of its Interrogatories actually comply with Rule 33.3(a), relying more on 33.3(b).  Even if Rule 33.3(b) applied, none of the interrogatories are appropriate in this case.

Interrogatory 1 does not concern the "calculation of damages" any more than any interrogatory might because all questions in a case relate to damages in some way.  Nike's proposed reading of the rule would render it a nullity.  Moreover, Nike says that

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

By Kiy is refusing to produce documents in response to Request for Production No. 1, but that is not accurate; By Kiy is producing documents subject to its objections.

Interrogatory 3 is a classic issue for deposition testimony. This is an improper interrogatory in any context.

Interrogatories 4-7 do not concern damages, but require an immensely burdensome compilation of other information. Interrogatory 4 does not mention damages at all. Interrogatories 5, 6, and 7 are all "fruit of this poisonous tree" because they all reference Interrogatory 4. This is exactly the sort of aggressive use of interrogatories that Rule 33.3 prohibits.

Interrogatory 6 also seeks expert testimony. Nike presents no authority supporting its position. Moreover, documents related to the calculation of profits by experts (i.e., revenue and cost documents) are going to be produced.

Interrogatory 8 is not a question about "witnesses" but an amorphous inquiry into the ownership and control of a business. By Kiy has responded to Nike's Interrogatory 2, which more closely requests information about witnesses. Ownership and control questions could be asked in depositions to the extent discoverable.

***

We disagree with Nike's attempt to characterize our discovery efforts here, but believe such discussions are not productive. We can work through these issues with law and reason.

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

Please reach out as soon as possible to schedule a chat regarding these matters.

Sincerely,

**John Durrant, Esq.**
Founder and CEO of
THE DURRANT LAW FIRM, APC

cc: Zakari A. Kurtz, Esq, Principal Attorney SNEAKER LAW FIRM

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com