# THE **DURRANT** LAW FIRM

**Strategic Advocacy. Clear Thinking.**

July 11, 2023

_Via ECF_

Hon. Sarah L. Cave
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 18A
New York, NY 10007-1312

Re:     _NIKE v. BY KIY, et al._ – 1:23-cv-02431-VM (S.D.N.Y.) – Opposition to ECF 87

Dear Judge Cave:

Plaintiff Nike Inc.'s Letter Motion seeking to compel depositions by July 25 (ECF 87) misstates the facts.  Yesterday, counsel for Nike – Bridgette and Michel Gershoni – called me up and tried to get me to say that (i) my clients had refused to attend the depositions scheduled for July 12-14; and (ii) my clients would not appear for deposition before July 25.  My account of this apparent attempt to improve the record is set out in two confirming emails that I sent to counsel as Exhibit A and B hereto.

Also, on Sunday night, I sent a letter to Nike, Exhibit C, to which they never responded, explaining that we believe under the plain language of Rule 37 a motion to compel would not be ripe until such time as a witness fails to appear for depositions.  Fed. R. Civ. Proc. 37(a)(3)(B)(i), 37(b)(1), 37(d)(1)(A)(i).  We noted that the issue of deposition timing was made moot by the Motion for Protective Order and change in the Scheduling Order, which would address the issue.  The crucial point, though, is that Defendants believe there is good cause for an extension of the schedule, but if the schedule is not extended, Defendants will make every effort to abide by the current schedule, including appearing for depositions.  Nike has not accurately stated the facts, by claiming that Defendants have refused to appear for deposition, and they have not set for any credible need for the motion at this time.

Second, Nike claims that there is no emergency concerning regarding Defendants' pending motion.  Nike's depositions remain on calendar this week.  A protective order is the proper mechanism to address those notices and, since it could not be heard on ordinary time, it had to be brought in an expedited manner.

---

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

Finally, Nike's claim that its production of documents is complete is frankly stunning. (*See* ECF 86 at p. 2 (" Nike has diligently participated in discovery, and Nike has substantially completed its document production to date in response to By Kiy's requests.")  I don't believe that Defendants have ever been told anything like that previously – we were told to be patient and the emails were coming.  And the idea that Nike would have 12 emails that are not communications among counsel to produce in a case of this sort is simply not believable.  We will have to raise this inadequate production by motion, I suppose, but that would also support extending the schedule, not keeping it in place.

Nike is trying to use its resources to crush a small opponent, not because it is right but because it has a fleet of lawyers and can move faster, file things quicker, sandbag, knowing we will have a hard time responding and explaining.  Nike has strung us along for months, suggesting that emails are coming and then has produced 16 emails (four of which are among current counsel in this case).  Nike now tries to fault us for not being diligent in moving to compel.

Nike's suggested ESI Stipulation (*see* ECF 86 at p. 3) – was an overreaching attempt to evade Nike's discovery obligations. It seemed inconsistent with typical ESI approaches set forth by the Sedona Conference and other authorities.  But, if Nike had only 12 emails to produce, one wonders why a stipulation limiting Nike's burden beyond what the law provides would have been necessary.

Sincerely,

John Durrant, Esq.
THE DURRANT LAW FIRM, APC

Cc:  ZAKARI KURTZ, ESQ.

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com