

# THE **DURRANT** LAW FIRM

**Strategic Advocacy. Clear Thinking.**

July 10, 2023

<u>*Via Email*</u>

Bridgette C. Gershoni, Esq.
Michael Gershoni, Esq.
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743

Re:   *NIKE v. BY KIY, et al.* – 1:23-cv-02431-VM (S.D.N.Y.)

Dear Michael:

This evening you sent a letter that is causing us concern. You stated that you have concluded that "By Kiy will not produce defendants David Weeks, Nickwon Arvinger, and By Kiy LLC for depositions on July 12-14, 2023." This statement is inaccurate.

I sent a quick email to you from my car indicating that this conclusion is incorrect, but I want to follow up to emphasize that any statement to this effect to the Court is untrue and will have serious consequences. You cannot claim someone is refusing to show up to a deposition when the person has moved for a protective order. A protective order is effectively *a request for permission from a Court to not attend*. As we have said in our papers, depositions this week create considerable hardship for myself and my clients.

But please understand that we will not countenance any attempts to misstate our position. You and Bridgette called me earlier today and tried to get me to agree with this statement of refusal. I told you that I did not agree with it and that the call was improper. In the current posture, it was a really weird call. We moved for a protective

---

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

order – that explains our position entirely.  It is not a refusal to attend.  This is basic civil procedure.

I then sent you a letter confirming what I said because I did not want you to misremember our conversation.

We have said we will abide by the Court's order.  We did not say — and I was explicit on this point today when we talked — that we would refuse to produce anyone for deposition on any day in violation of any Court order.

We moved ex parte in order to get Court authorization to postpone the depositions for the reasons stated in our papers.  I believe we have good cause but it is up to the Court to decide.  If you believe we are wrong (perhaps Nike believes I do not have to write a big motion for another client or that Mr. Kurtz has deposition experience?), fine, make the argument and present evidence to that effect.  If we were planning on simply disregarding your notices, we would have done so and had you move to compel.  We didn't do that.  I spent most of my weekend away from my family to file a motion that would avoid any claim that we were refusing to attend this week's depositions by fiat.

In closing, we will immediately correct any attempt to misstate our position tomorrow to the Court and we reserve our rights to take further action.

***

Regarding depositions, we want to take Tinker Hatfield's deposition.  Please send us his availability.  Your other objections are not well taken; our timing is a product of Nike's own conduct in discovery.  We reserve our right to request more than 5 depositions.  We

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

continue to believe that the Scheduling Order needs to be extended, as stated in our papers.

Sincerely,

John Durrant, Esq.
THE DURRANT LAW FIRM, APC

CC:  ZAKARI KURTZ, ESQ.

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com