July 13, 2023

**VIA EMAIL AND ECF**

Hon. Sarah L. Cave
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 18A
New York, NY 10007-1312

   **Re**: *Nike Inc. v. By Kiy LLC et al.*, No. 1:23-cv-2431-VM (S.D.N.Y.)

Dear Judge Cave:

  Plaintiff Nike, Inc. requests a discovery conference with Your Honor for an expedited protective order to prevent two depositions that Defendants (collectively, "By Kiy") noticed yesterday. The noticed depositions are unreasonable, oppressive, and intended to harass and delay.

  Nike has offered to make all of its trial witnesses available for depositions on short notice and before the close of fact discovery. By Kiy first asked Nike for deposition dates on Saturday, July 8, 2023 with only 12 business days left in discovery. Nike provided dates within two business days. Meanwhile, By Kiy has still not provided dates for the depositions of its witnesses.

  Yesterday at 1:00 AM ET, By Kiy noticed two additional depositions. The first is a deposition of an apex-witness, Tinker Hatfield, on July 20. ECF No. 90-2. Mr. Hatfield is a senior executive reporting directly to Nike's CEO and a luminary in the field of design, but he has no unique knowledge pertinent to this case. The second is a Rule 30(b)(6) deposition of Nike also on July 20 that required Nike to perform the unreasonable task of preparing multiple witnesses in six business days to testify on 68 topics and 24 sub-topics. ECF No. 90-3.

  Nike promptly sent a letter to By Kiy explaining Nike's concerns and requesting a meet-and-confer. Section III below summarizes Nike's attempts to confer. By Kiy refused to discuss the notices with Nike until 12 PM ET today. In the meantime, By Kiy sent Nike multiple letters and emails, and at about 11:30 PM ET last night, By Kiy served an amended Rule 30(b)(6) notice. ECF No. 90-4. The amended notice set a new date of July 25 and contains 26 topics and at least 33 sub-topics, which appear to be largely combinations of the 68 topics and 24 sub-topics from its original notice. The amended notice is just as unreasonable as the original as it requires Nike to prepare multiple witnesses in eight business days to testify on numerous topics By Kiy could have, but elected not to, serve weeks ago like Nike did.[1]

  For the reasons Nike explains below, a protective order preventing these depositions is necessary and appropriate.

---

[1] During the meet-and-confer, Nike asked By Kiy why it did not serve a Rule 30(b)(6) notice until yesterday. By Kiy explained that it expected the fact discovery deadline would be extended.

1

July 13, 2023
Page 2

### I. By Kiy's Attempt to Take Tinker Hatfield's Deposition is Improper

Tinker Hatfield is a world famous designer and a senior executive that reports directly to Nike's CEO. Under the apex-witness rule, courts provide "an additional layer of protection for senior corporate executives subject to depositions." *E.g.*, *Harapeti v. CBS Television Stations Inc.*, No. 21 MISC. 680 (PAE), 2021 WL 3932424, at *2 (S.D.N.Y. Sept. 2, 2021). "Unless the executive has unique evidence, personal knowledge of the claims at issue, and other witnesses are incapable of providing testimony about the conduct alleged, executives are safeguarded from depositions." *Id.* (cleaned up). Mr. Hatfield did not design the product at issue in this case–the Air Jordan 1 ("AJ1")–and does not have unique evidence or personal knowledge of the claims at issue in this case.[2]

By Kiy argues it should be permitted to take Mr. Hatfield's deposition because he allegedly has personal knowledge of the design of the original and reissues of the AJ1, how the market responds to those designs, and the sneaker market in the 1980s. ECF No. 90-5. Those arguments fall flat. Mr. Hatfield didn't even start designing shoes until after Nike designed the AJ1 in the 1980s and has never been involved in market research for the AJ1. ECF No. 90-1. In fact, in the past decade, Nike has brought nearly 1,800 different colorways of AJ1s to market. *Id*. The extent of Mr. Hatfield's involvement in that time was limited to creating only 2-3 variants that did not involve altering the design of the AJ1 silhouette itself, which is at issue in this case. *Id*. In other words, there is no reasonable basis for By Kiy's attempt to harass Nike and its executives by demanding Mr. Hatfield appear for a deposition here. *Id.*

If any Nike witnesses have the information By Kiy contends it wants from Mr. Hatfield, it is the witnesses Nike has already offered to make available for depositions: Donald Kelsey and Jeff Atienza. These are the Nike employees who have been responsible for the AJ1 franchise for over a decade. ECF No. 90-1.

### II. By Kiy's Amended Rule 30(b)(6) Deposition Notice of Nike Is Untimely and Improper

Nike timely served its deposition notices three weeks ago on June 23, 2023. *E.g.*, ECF No. 80-3. By Kiy elected not to serve any deposition notices in an attempt to justify its request to extend the discovery schedule. Unhappy with the Court's denial of that attempt, By Kiy now seeks to unduly burden, harass, and delay by demanding that Nike prepare and produce witnesses in eight business days to testify on 26 topics and at least 33 sub-topics. ECF No. 90-4. The Court should protect Nike from these improper tactics.[3]

By Kiy failed to provide "reasonable written notice" as required by Fed. R. Civ. P. 30(b)(1). By Kiy's amended notice provides Nike with eight business days to prepare witnesses on 26 topics and at least 33 sub-topics. By Kiy's delay in providing reasonable written notice is not justified. *See, e.g.*, *Nieman v. Grange Mut. Ins. Co.*, No. 11-CV-3404, 2012 WL 5471949, at *2 (C.D. Ill.

---

[2] In addition, Mr. Hatfield is traveling and unavailable from July 18 through August 14, 2023.
[3] Tellingly, during the meet-and-confer, By Kiy characterized its notice served after the Court's Order as a "be careful what you ask for" situation.

July 13, 2023
Page 3

Nov. 9, 2012) (finding seven business days to designate and prepare a Rule 30(b)(6) witness on fourteen topics and thirteen sub-topics was not reasonable).

Compounding the unreasonableness of By Kiy's notice in view of its intentional delay, the topics in By Kiy's amended notice are clearly intended to harass Nike. For example, many of By Kiy's topics are directed to privileged information and/or legal conclusions that fact witnesses cannot testify on, such as "[t]he aspects of current By Kiy Sneakers that Nike considers trademark infringement and, relatedly, a description of the sort of high-top sneaker product By Kiy could create that Nike would allow and not view as trademark infringement" (topic 2). ECF No. 90-4. Relatedly, many of the topics are overly broad and unduly burdensome, such as "Nike's design and development process for Nike Sneakers, including the Jordan-1, reissues of the Jordan-1, and the 'Swooshless Jordan', characteristics and changes of the designs, the dates of the changes, and the reasons for the changes; and Nike's system for internal communication, and sharing, storing, developing and researching designs of Nike Sneakers" (topic 12). *Id.*[4]

Nike tried to resolve this dispute. Despite timely noticing its own depositions, Nike offered to compromise by both parties foregoing Rule 30(b)(6) depositions altogether. By Kiy refused. Nike requested which topics By Kiy needed Rule 30(b)(6) deposition testimony on. By Kiy stated all but one.[5] But if By Kiy required the type of extensive Rule 30(b)(6) deposition testimony it now seeks, it should have served its notice and topics weeks ago like Nike did—not yesterday. That would have given the parties time to negotiate a reasonable scope of topics to prepare its witnesses to testify on. Instead, By Kiy waited until the end of the discovery period and served notices giving Nike eight business days to prepare witnesses on 26 topics and at least 33 sub-topics.[6] This notice is not reasonable nor proper under Fed. R. Civ. P. 30.

### III. Nike's Certification Pursuant to Section II.C of the Court's Individual Practices

We certify that yesterday we attempted to confer with By Kiy's counsel, John Durrant and Zakari Kurtz. They refused to confer yesterday. We certify that today at 12 PM ET we conferred in good faith with Mr. Durrant and Mr. Kurtz via telephone. The undersigned and Bridgette Gershoni attended the conference for Nike. We explained Nike's position on these disputes, as detailed above. Mr. Durrant explained By Kiy's position; namely: the apex witness rule does not apply to Mr. Hatfield, that the alternative witnesses Nike offered are insufficient, and that By Kiy's amended Rule 30(b)(6) notice is timely and proper. We informed By Kiy's counsel during the conference that we believed the parties to be at an impasse and that Nike would be requesting a conference with the Court. The approximate duration of the conference was 40 minutes.

---

[4] Even if this were limited to the AJ1, which is the only relevant Nike Sneaker in this case, Nike has brought nearly 1,800 different AJ1s to market in the past decade. ECF 90-1.

[5] During the meet-and-confer, the parties discussed various topics and By Kiy agreed to remove topic number 19 ("The Documents, Communications, or facts Nike intends to use at the trial or for any motion for summary judgment.").

[6] In reality, Nike has less than eight business days to prepare witnesses because the witnesses Nike would need to prepare are the same witnesses that are already sitting for individual depositions. They can't sit for individual depositions and prepare for By Kiy's topics at the same time.

July 13, 2023
Page 4

                                                                                                          Best regards,

                                                                                     Michael J. Gershoni