UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIKE, INC.,

    Plaintiff,

v.

BY KIY, LLC, NICKWON ARVINGER, and
DAVID WEEKS,

    Defendants.

Case No. 1:23-cv-02431-VM

### NIKE, INC.'S NOTICE OF 30(b)(6) DEPOSITION OF DEFENDANT BY KIY, LLC

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Nike, Inc. ("Nike"), by and through its undersigned counsel, will take the deposition by oral examination of Defendant By Kiy, LLC, by and through person(s) designated to testify on behalf of the entity regarding the topics set forth in Exhibit A, in the above-captioned action at 9 a.m. ET on July 14, or such other date and time upon which the parties mutually agree, at the offices of Arnold & Porter Kaye Scholer LLP, 250 West 55th Street, New York, NY 10019, and continuing until completed or otherwise adjourned. The deposition will be taken before a notary public or other officer authorized by law to administer oaths, and will be recorded by stenographic, audio, and video means, and may be recorded through the instant visual display of testimony (*i.e.*, real-time transcription). The deposition will be taken for the purposes of discovery, use at trial in this action, and any other purposes permitted under the Federal Rules of Civil Procedure.

Dated:  June 23, 2023        ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Bridgette Gershoni*
    Christopher J. Renk (admitted *pro hac vice*)
    Michael J. Harris (admitted *pro hac vice*)
    Aaron P. Bowling (admitted *pro hac vice*)
    ARNOLD & PORTER KAYE SCHOLER LLP
    70 W. Madison Street, Suite 4200
    Chicago, IL 60602
    Telephone:  (312) 583-2300
    Email:  chris.renk@arnoldporter.com
            michael.harris@arnoldporter.com
            aaron.bowling@arnoldporter.com

    Bridgette C. Gershoni (admitted *pro hac vice*)
    Michael J. Gershoni (admitted *pro hac vice*)
    Kathleen P. Duffy (SBN 1040190)
    Lindsey Staubach (admitted *pro hac vice*)
    ARNOLD & PORTER KAYE SCHOLER LLP
    601 Massachusetts Ave. NW
    Washington, DC 20001
    Telephone:  (202) 942-6745
    Email:  bridgette.gershoni@arnoldporter.com
            michael.gershoni@arnoldporter.com
            kathleen.duffy@arnoldporter.com
            lindsey.staubach@arnoldporter.com

    Michael J. Sebba (SBN 5398540)
    ARNOLD & PORTER KAYE SCHOLER LLP
    777 South Figueroa Street, 44th Floor
    Los Angeles, CA 90017
    Telephone:  (213) 243-4000
    Email:   michael.sebba@arnoldporter.com

    *Attorneys for Plaintiff Nike, Inc.*

## EXHIBIT A

## DEFINITIONS

Each of these definitions and instructions is incorporated into each of the subjects and into each of the other definitions and instructions to which it pertains.

1. "Nike" shall refer to Plaintiff Nike, Inc. in the broadest sense consistent with the Federal Rules of Civil Procedure, including but not limited to its officers, directors, employees, members, partners, subsidiaries, and affiliates, and all persons and entities acting on its behalf or as its representative or agent.

2. "By Kiy," "You," or "Your" shall refer to Defendant and Counterclaim Plaintiff By Kiy, LLC in the broadest sense consistent with the Federal Rules of Civil Procedure, including but not limited to its past and present officers, directors, employees, members, partners, subsidiaries, and affiliates, and all persons and entities acting on its behalf or as its representative or agent.

3. "Present Litigation" shall mean *Nike, Inc. v. By Kiy, LLC, Nickwon Arvinger, and David Weeks*, Case No. 1:23-cv-02431-VM.

4. "Complaint" shall mean the Complaint that Nike filed in the United States District Court for the Southern District of New York on November 30, 2022, at Dkt. 1 in the Present Litigation or, if amended, the latest operative Complaint.

5. "'535 Registration" means NIKE's U.S. trademark registered as Registration No. 3,725,535.

6. "'694 Registration" means NIKE's U.S. trademark registered as Registration No. 6,368,694.

7. "'691 Registration" means NIKE's U.S. trademark registered as Registration No. 6,368,691.

8. "'064 Registration" means NIKE's U.S. trademark registered as Registration No. 3,721,064.

9. "Asserted Marks" shall refer to NIKE's U.S. trademarks reflected in the '535 Registration, the '694 Registration, the '691 Registration, the '064 Registration, and all statutory and common law rights associated with the foregoing trademarks.

10. "Affirmative Defenses" shall mean the Affirmative Defenses pleaded by By Kiy against Nike in By Kiy's Answer to Complaint and Affirmative Defenses; filed on February 13, 2023, at Dkt. 53 in the Present Litigation, or, if amended, the latest operative Answer.

11. "By Kiy Sneaker(s)" shall mean sneakers that By Kiy has sold and/or distributed in the United States, pursuant to the parties' agreement during their meet-and-confer on May 16, 2023.

12. "Document" shall include, without limitation, all written or graphic matter or any other means of preserving thought or expression of every type and description regardless of origin or location, whether written, recorded, transcribed, taped, punched, filmed, microfilmed, or in any other way produced, reproduced or recorded, and including, but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies or duplicates that are marked with any notation or annotation, copies or duplicates that differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendar notes, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements of employees, requisitions, manuals or guidelines, audit work papers, financial

analyses, tables of organizations, charts, graphs, indices, advertisements or other promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers or newsletters, diagrams, photographs, e-mails, electronic or mechanical records, telegrams, telecopies, audiotapes, and all other receptacles or repositories housing or containing such documents, and all other media used to record, in any form, information.  A draft, annotated or otherwise non-identical copy is a separate document within the meaning of this term.  "Document" shall also include any removable "Post-It" notes or other attachments affixed to any of the foregoing, as well as the file, folder tabs, and labels appended to or containing any documents.

13. "Communicate" or "Communication" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether orally or by Document, or whether face-to-face, by telephone, telecopier, mail, written correspondence, facsimile, personal delivery, electronic or computer transmission, overnight delivery or otherwise.

14. The terms "Person" or "Entity" shall mean any natural person, corporation, partnership, business, firm, proprietorship, company, joint venture, trust, agency, governmental agency or department, and any other business, governmental, legal, for-profit or nonprofit organization, association or other legal entity.

15. "Nike Sneaker(s)" refer to Nike's footwear products, including Air Jordan 1 High and Air Jordan 1 Low.

16. Any word written in the singular herein shall be construed as plural or vice versa when necessary to facilitate the response to any Deposition Topic.

## DEPOSITION TOPICS

1. The facts and circumstances related to the history, formation, corporate structure, ownership, and business of By Kiy, LLC.

2. The design, sourcing, manufacture, distribution, supply, marketing, advertising, offering for sale, and sale of the By Kiy Sneakers.

3. Nickwon Arvinger and David Weeks' respective roles in, and activities relating to, the design, sourcing, manufacture, distribution, supply, marketing, advertising, offering for sale, and sale of the By Kiy Sneakers.

4. Any third-party's role in, and activities relating to, the design, sourcing, manufacture, distribution, supply, marketing, advertising, offering for sale, and sale of the By Kiy Sneakers.

5. By Kiy's internal Communications, including but not limited to Communications with or between all past and present employees, regarding:

    a. Nike;

    b. Nike Sneakers; or

    c. the Asserted Marks.

6. By Kiy's Communications with any third party, including but not limited to Modes Moose, Inc. d/b/a Moose Knuckles, regarding:

    a. Nike;

    b. Nike Sneakers; or

    c. the Asserted Marks.

7. Any efforts undertaken by You or a third party on Your behalf to inspect an Air Jordan 1 for purposes of designing, developing, or manufacturing any By Kiy Sneaker.

8. Any efforts undertaken by You or a third party on Your behalf to inspect a Nike Sneaker for purposes of designing, developing, or manufacturing any By Kiy Sneaker.

9. Any agreements between You and any other entity or individual related to the By Kiy Sneakers.

10. The facts and circumstances surrounding the naming of the By Kiy Sneakers.

11. The facts and circumstances surrounding the design of the By Kiy Sneakers, including:

   a. The unique model name(s) and model number(s) that You have used—internally or externally—for each By Kiy Sneaker;

   b. The date(s) on which each By Kiy Sneaker was designed;

   c. Your role in the design and development of each By Kiy Sneaker;

   d. The identity of any third-party who participated in the design of each By Kiy Sneaker on Your behalf;

   e. Any third-party's role in the design of each By Kiy Sneaker on Your behalf;

   f. Any changes or modifications to the silhouettes of each By Kiy Sneaker and reasons therefore;

   g. Any changes or modifications to the outsole of each By Kiy Sneaker and reasons therefore;

   h. Communications regarding the design of each By Kiy Sneaker; and

   i. The extent to which any Nike Sneaker was considered by You or others on Your behalf in connection with the design of each By Kiy Sneaker.

12. The facts and circumstances surrounding the manufacture of the By Kiy Sneakers, including:

a. Your role in the manufacture of each By Kiy Sneaker;

b. The identity of any third-party who participated in the manufacture of each By Kiy Sneaker on Your behalf;

c. Any third-party's role in the manufacture of each By Kiy Sneaker on Your behalf;

d. An identification of the component parts for each By Kiy Sneaker;

e. The materials, fabrics, leathers, and colors used in connection with the manufacture of each By Kiy Sneaker;

f. The identity of the supplier(s) for the component parts for each By Kiy Sneaker;

g. The number of units of each By Kiy Sneaker manufactured by You or on Your behalf;

h. The dates on which each By Kiy Sneaker was manufactured;

i. Communications regarding the manufacture of each By Kiy Sneaker; and

j. The extent to which any Nike Sneaker was considered by You or others on Your behalf in connection with the manufacture each By Kiy Sneaker.

13. The facts and circumstances surrounding the distribution of the By Kiy Sneakers, including:

a. Your role in the distribution of each By Kiy Sneaker;

b. The identity of any third-party who participated in the distribution of each By Kiy Sneaker on Your behalf;

c. Any third-party's role in the distribution of each By Kiy Sneaker on Your behalf;

d. The number of units of each By Kiy Sneaker distributed by You or on Your behalf;

e. The dates on which each By Kiy Sneaker was distributed;

      f.   Communications regarding the distribution of each By Kiy Sneaker;

      g.   The number of each By Kiy Sneaker in By Kiy's inventory;

      h.   The location(s) where each By Kiy Sneaker is held in inventory; and

      i.   The number of each By Kiy Sneaker on order or in transit.

14. The facts and circumstances surrounding the marketing, advertising, or promotion of the By Kiy Sneakers, including:

      a.   Your role in the marketing, advertising, or promotion of each By Kiy Sneaker;

      b.   The identity of any third-party who participated in the marketing, advertising, or promotion of each By Kiy Sneaker on Your behalf;

      c.   Any third-party's role in the marketing, advertising, or promotion of each By Kiy Sneaker on Your behalf;

      d.   An identification of the website(s) and social media account(s) through which You, or others on Your behalf, have marketed, advertised, or promoted the By Kiy Sneakers;

      e.   Marketing studies or market research relating to the By Kiy Sneakers;

      f.   Any and all advertisements, marketing materials, or promotional materials used by You to market the By Kiy Sneakers in the United States;

      g.   Communications regarding the marketing, advertising, or promotion of the By Kiy Sneakers; and

      h.   The extent to which any marketing, advertising, or promotion by Nike were considered by You or others on Your behalf in connection with the marketing, advertising, or promotion of the By Kiy Sneakers.

15. The facts and circumstances surrounding By Kiy's social media posts that refer or relate to Nike.

16. The facts and circumstances surrounding the sale of the By Kiy Sneakers, including:

   a. Your role in the sale of each By Kiy Sneaker;

   b. The identity of any third-party who participated in the sale of each By Kiy Sneaker on Your behalf;

   c. Any third-party's role in the sale of each By Kiy Sneaker on Your behalf;

   d. The number of units of each By Kiy Sneaker sold by You or on Your behalf;

   e. The dates on which each By Kiy Sneaker was sold;

   f. Communications regarding the sale of each By Kiy Sneaker; and

   g. The channels of trade through which each By Kiy Sneaker was sold.

17. The retail price(s) of each By Kiy Sneaker.

18. By Kiy's revenue information for the sale of the By Kiy Sneakers.

19. Any and all costs related to the By Kiy Sneakers.

20. By Kiy's knowledge of any instances of confusion by or among consumers, distributors, wholesalers, retailers, vendors, or merchants, between footwear sold by Nike and By Kiy, and the basis of that knowledge.

21. The facts You are aware of that support, refute, or relate to the application of the *Polaroid* factors to the Asserted Marks and By Kiy Sneakers in the Present Litigation, including (i) the strength of the Asserted Marks, (ii) the similarity between the By Kiy Sneakers and the Asserted Marks, (iii) the similarity of the goods used in connection with the Asserted Marks and the By Kiy Sneakers, (iv) Your intent in designing the By Kiy Sneakers, (v) instances of actual

confusion caused by the By Kiy Sneakers, (vi) sophistication of consumers of the By Kiy Sneakers; and (vii) the quality of the By Kiy Sneakers.

22. The facts You are aware of that support, refute, or relate to the fame of the Asserted Marks.

23. Any public interest that would be served or disserved by an injunction issued with respect to By Kiy's infringement.

24. Any alleged hardships that would be suffered by By Kiy if it were enjoined from infringing the Asserted Marks.

25. The facts You are aware of that support, refute, or relate to Your Affirmative Defenses as asserted in Your Answer to the Complaint.

26. The facts You are aware of that support, refute, or relate to Your Counterclaims.

27. The date by which you became aware that the '535 Registration, the '694 Registration, the '691 Registration, and the '064 Registration were registered with the United States Patent and Trademark Office.

28. The facts supporting or contradicting Your contention that By Kiy did not willfully infringe the Asserted Marks.

29. Any non-privileged investigations or analysis by You or on Your behalf of Nike's enforcement of the Asserted Marks.

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2023, I caused a true and correct copy of **NIKE INC.'S NOTICE OF 30(b)(6) DEPOSITION OF DEFENDANT BY KIY, LLC** to be served via email on the following counsel for Defendants:

John S. Durrant
*john@durrantlawfirm.com*

Zakari A. Kurtz
*zak@sneakerlawfirm.com*

/s/ *Bridgette Gershoni*
For Plaintiff Nike, Inc.