**VIA EMAIL AND ECF**                                        July 14, 2023

Hon. Sarah L. Cave
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 18A
New York, NY 10007-1312

      Re:    *Nike Inc. v. By Kiy LLC et al.*, No. 1:23-cv-2431-VM (S.D.N.Y.)

Dear Judge Cave:

**Rule 30(b)(6) Deposition**. Nike's concerns about the timing and scope of By Kiy's deposition notice are not a "pretext." ECF No. 92 at 2. Rule 30(b)(1), Fed. R. Civ. P., requires "reasonable written notice." By Kiy could have, but chose not to, provide Nike with reasonable written notice of the matters for examination despite characterizing its own topics as "nothing remarkable." In fact, By Kiy does not dispute that it told Nike it elected not to serve its expansive Rule 30(b)(6) notice until 8 business days before the noticed date and the close of fact discovery because it expected the fact discovery deadline would be extended. By Kiy created this issue by once again failing to diligently conduct discovery during the discovery period.

To excuse its delay, By Kiy contends it gave Nike sufficient notice of its 30(b)(6) deposition on July 8 and otherwise relies on the *Sulfuric Acid* decision for the proposition that "10 days' notice [is] typically sufficient." These are facially incorrect.

*First*, the letter By Kiy relies on to contend it provided "reasonable notice" only requests in relevant part when "Nike's likely PMK regarding issues in this case" will be available for deposition. ECF No. 93-1. But Rule 30(b)(6), Fed. R. Civ. P., does not set out a "PMK" requirement; it requires "[t]he named organization must designate one or more … persons who consent to testify on its behalf." It also requires that a party seeking a corporate deposition "describe with reasonable particularity the matters for examination[.]" By Kiy sending Nike a letter asking for a "PMK" regarding "issues in this case" does not reasonably describe the matters for examination.

*Second*, the *Sulfuric Acid* decision By Kiy relies on for the proposition that "10 days' notice [is] typically sufficient and collecting cases" neither collected cases for that proposition nor came to the conclusion By Kiy suggests. The court in *Sulfuric Acid* first noted that "ten *business* days' notice" (less than Nike has here) for individual depositions (not Rule 30(b)(6) depositions with numerous topics and subtopics like here) would seem reasonable absent context, but the noticing party's delay to "the last minute" in that case rendered them *unreasonable*. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327-28 (N.D. Ill. 2005).

By Kiy likewise cannot justify its delay by stating during the parties' meet-and-confer that it needed all but one of the extensive topics in its notice and then, after the parties already conferred and Nike stated it was seeking a conference with the Court, provide a vague "willing[ness] to discuss" the other topics again at some future date. This is especially true where the individual

1

Page 2

depositions in this case begin on Tuesday and By Kiy has refused to meet-and-confer with Nike at times it was clearly available, as discussed in our letter-motion.

**Tinker Hatfield Deposition**: By Kiy now states it is not insisting on taking Mr. Hatfield's deposition, but the facts suggest otherwise. By Kiy has not withdrawn its deposition notice of Mr. Hatfield, and By Kiy refuses to substitute Mr. Hatfield's deposition with the two Nike employees who have been responsible for the AJ1 franchise for over a decade. Nike has offered dates for individual depositions of those two individuals prior to the close of discovery on July 25.

By Kiy concedes that Mr. Hatfield did not design the AJ1 product at issue in this case. By Kiy's bald assertion that Mr. Hatfield has relevant personal knowledge (which is contrary to the sworn declaration submitted with Nike's letter) and that Messrs. Atienza and Kelsey do not (despite having not taken their depositions) does not provide a sufficient justification to ignore the safeguards against harassment this Court has recognized under the apex-witness rule.

Best regards,

*Michael Gershoni*

Michael J. Gershoni