# THE DURRANT LAW FIRM

July 24, 2023

<u>*Via ECF and Email*</u>

Daniel Patrick Moynihan
Hon. Victor Marrero United States Courthouse
500 Pearl Street, Suite 1610
New York, New York 10007
ChambersNYSDMarrero@nysd.uscourts.gov

Re:     *NIKE v. BY KIY, et al.* – 1:23-cv-02431-VM (S.D.N.Y.)

Dear Judge Marerro:

Per your Individual Rule of Practice II.A, Defendant and Counterclaimants By Kiy, LLC and Defendants Nickwon Arvinger and David Weeks (collectively, "By Kiy") write to the Court to inform it of By Kiy's intention to file a F.R.C.P. 12(c) motion for judgment on the pleadings (the "Motion") as to Nike's claims for trade dress infringement under the Lanham Act and its related state-law claims. Prior to submitting this letter to the Court, counsel for By Kiy attempted to confer with counsel for Nike, Inc. ("Nike"), but the parties were unable to reach an agreement whether judgment on the pleadings is warranted under the facts of this case. By Kiy understands that a substantively similar issue is pending before this Court in the related case, *Nike, Inc. v. Reloaded Merch LLC, et al.*, No. 1:22-cv-10176-VM, which the Court severed from the instant case at the request of the parties.

By Kiy submits that Nike has failed to adequately plead that it has a protectable mark, as is required to assert the claims brought by Nike through its complaint. "To establish that product design trade dress is protectable, the plaintiff must (1) offer a precise expression of the character and scope of the claimed trade dress; (2) allege that the claimed trade dress has secondary meaning; (3) allege a likelihood of confusion between the plaintiff's good and the defendant's; and (4) allege that the claimed trade dress is non-functional." *Heller Inc. v. Design Within Reach, Inc.*, No. 09CIV1909(JGK), 2009 WL 2486054, at *5 (S.D.N.Y. Aug. 14, 2009) (citations and quotations omitted). "In addition, the plaintiff must specify 'not just which features are distinctive, but also *how* they are distinctive.'" *Id.* at *6 (quoting *Shevy Custom Wigs, Inc. v. Aggie Wigs*, No. 06 Cv. 1657, 2006 WL 3335008, *5 (E.D.N.Y. Nov.17, 2006) (emphasis in original). "Failing to identify the specific elements that make up a purported trade dress may signal to the court that a plaintiff's claim is pitched at an improper level of generality, ... seek[ing] protection for an unprotectible style, theme, or idea." *Cardinal Motors, Inc. v. H&H Sports Prot. USA, Inc.*, No. 1:20-CV-07899-PAC, 2021 WL 1758881, at *3 (S.D.N.Y. May 4, 2021) (citation and quotation omitted).

Although Nike has registered the trademarks it seeks to assert in this action, "[a] registration is 'prima facie evidence of the validity of the registered mark,' not the clarity of its scope." *Heller Inc.*

---

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

*v. Design Within Reach, Inc.*, 2009 WL 2486054, at *6. "Registration, particularly a vague registration, does not affect the plaintiff's obligation to specify the elements of its allegedly distinctive dress." *Id.*

Here, Nike has not met its pleading burden to specify which features are distinctive, nor did it attempt to describe how exactly any such features are distinctive. The Complaint makes vague references to the "unique" design of its shoes, but does nothing to explain precisely which features are distinctive and why. Instead, the complaint simply relies on including seemingly generic images of each trademark and attaching the registered trademark documentation as exhibits.

Even on each exhibit attached to Nike's complaint evidencing each asserted trademark, the description of each mark is vague and does nothing to show which features of the design are distinctive, if any. (*See, e.g.*, Complaint (ECF No. 1) Exhibit 2, which includes a picture of the alleged mark and states: "The mark consists of a three-dimensional configuration comprising the design of the material panels that form the exterior body of the shoe, the design of the panel on top of the shoe that includes the eyelets for the shoe laces, the design of the ridge pattern on the sides of the sole of the shoe, the design of a stitched line running along the midsole of the shoe, and the relative position of these elements to each other. The broken lines show the position of the mark and are not claimed as part of the mark. Color is not claimed as a feature of the mark."; *see also* ECF No. 1 Exhibit 4, which states, in relevant part: "The mark consists of the design of the tread on the sole a shoe [sic].")

Nothing about the exhibits evidencing the alleged trademarks indicates which features of the mark are distinctive and why. Instead, they simply contain vague descriptions of a design that can apply to many shoes on the market. Nike has therefore failed to meet its pleading standard as a matter of law. *See Heller Inc. v. Design Within Reach, Inc.*, 2009 WL 2486054, at *6 ("'Laudatory' descriptions without specificity 'fail to indicate what unique combination of features makes the trade dress … likely to be perceived by consumers as bearing the stamp of their maker.'") (quoting *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381-82 (2d Cir.1997)). Interestingly, the written description for the marks shown in Exhibits 2 and 3 seem to be identical, further undercutting the idea that attaching these exhibits saves Nike's inadequate pleading.

Indeed, in *Heller*, the Court rejected plaintiff's argument that the images of their registered trademark attached to their complaint were sufficient to define the alleged protected trade dress and the distinctive features thereof. 2009 WL 2486054 at *6. The Court disagreed, stating clearly that "images alone do not satisfy the plaintiff's obligation to articulate the distinctive features of the trade dress." *Id.* Ultimately, the Court dismissed plaintiff's claims because the plaintiff had failed to "allege the specific distinct elements of trade dress that would make the trade dress for its chair protectable," concluding that "plaintiff's pleading is plainly insufficient." *Id.*

As this Court is undoubtedly aware, it is well established that "the Lanham Act must be construed in the light of a strong federal policy in favor of vigorously competitive markets."

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

*Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 379 (2d Cir. 1997). "The policy of protecting competition is at least as strongly implicated when, as in the present case, product designs or configurations are claimed as trade dress. While trademarking a generic term would create a monopoly in a necessary word or phrase, granting trade dress protection to an ordinary product design would create a monopoly in the goods themselves. For this reason, courts have exercised particular 'caution' when extending protection to product designs." *Id.* at 380.

Due to the well-settled pleading standards for trade dress infringement and the clear public policy against protection unless a plaintiff can plead distinctiveness in the manner outlined herein, By Kiy submits that it is entitled to judgment on the pleadings and respectfully requests either leave from this Court to file its motion under F.R.C.P. 12(c) or a pre-motion conference to discuss this request.

Respectfully submitted,

**John Durrant, Esq.**
THE DURRANT LAW FIRM, APC

Cc: Zakari Kurtz, Esq.

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com