**Arnold & Porter**

July 25, 2023

**VIA ECF AND EMAIL**

Hon. Victor Marrero
Daniel Patrick Moynihan
500 Pearl St., Courtroom 15B
New York, NY 10007-1312

      Re:      Nike Inc. v. By Kiy LLC et al., No. 1:23-cv-2431-VM (S.D.N.Y.)

Dear Judge Marrero,

Plaintiff Nike, Inc. ("Nike") submits this response to Defendants' (collectively, "By Kiy's") letter-motion dated July 24, 2023 ("Letter" or "Ltr.").

Nike filed its complaint in this trademark lawsuit eight months ago. By Kiy filed its answer and affirmative defenses five months ago. The parties have been engaged in discovery for months, with fact discovery closing in less than a week on July 31, 2023.

By Kiy's request to file a motion challenging the sufficiency of Nike's pleadings at this late stage of the case—on the eve of the close of fact discovery—is By Kiy's latest attempt to circumvent the case schedule and delay trial. Just over two weeks ago, By Kiy filed an improper ex parte "emergency" motion seeking to extend the case schedule. *See, e.g.*, ECF No. 78, ECF No. 86, 1. The Court denied that motion, describing it as "an eleventh-hour attempt to delay its witnesses' depositions." ECF No. 89, 2.

Unhappy with the case schedule and the outcome of fact discovery, By Kiy continues to seek a "do-over" of its litigation strategy. By Kiy's request is neither proper under Rule 12 nor supported by law.

    **I.**    **By Kiy's Motion is Untimely and Its Delay is Unjustified**

Rule 12(c), Fed. R. Civ. P., is clear. A motion under the rule is improper if not made "early enough not to delay trial." Yet, just over two weeks ago, By Kiy represented to the Court that its filing of this motion "may impact the course of this case and timing of trial in this matter." ECF No. 78, 11. Nike agrees. For this reason alone, the Court should reject By Kiy's request to file its untimely motion.

In addition to being untimely, By Kiy's delay in seeking to file this motion is unjustified. By Kiy's previous co-defendants requested to file a "substantively similar" motion before fact discovery started over five months ago on February 6, 2023. By Kiy reviewed that request and elected not to file a similar one. Instead, on February 13, 2023, By Kiy elected to file an answer and counter-claims in lieu of challenging the sufficiency of Nike's pleadings. ECF No. 53.

Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave, NW  |  Washington, DC 20001-3743  |  www.arnoldporter.com

July 25, 2023
Page 2

On March 27, 2023, By Kiy had another opportunity to notify Nike and the Court whether it intended to challenge the sufficiency of Nike's pleadings. *See* ECF No. 64 ("Nike and By Kiy are hereby directed to submit a joint letter addressing any contemplated motions.") (cleaned up). By Kiy elected not to disclose to Nike or the Court that it had any intention of doing so. ECF No. 69.

In fact, the first time By Kiy notified Nike or the Court that it intended to challenge the sufficiency of Nike's pleadings was on July 9, 2023 in connection with its ex parte "emergency" motion to extend discovery and the case schedule. ECF No. 78. In that motion, By Kiy explicitly stated that:

> [T]here are other issues that may impact the course of this case and timing of trial in this matter. Among other things, By Kiy intends to raise a motion under Fed. R. Civ. P. 12(c) analogous to the Fed. R. Civ. P. 12(b)(6) motion raised by *Reloaded Mech LLC* and *Bill Omar Carrasquillo* in *Nike v. Reloaded Merch LLC*, 1:22-cv-10176-VM, pending before this Court as ECF No. 69 in that case[.]

ECF No. 78, 11.

Rule 12 does not permit a defendant to lay in wait and spring a trap late in the case. Nor is Rule 12 intended to provide a party unhappy with discovery a "do-over" of its litigation strategy, which is precisely what By Kiy is now seeking.

## II. Nike Adequately Pled It Has A Protectable Mark

By Kiy contends that "Nike has failed to adequately plead that it has a protectable mark." Letter, 1. For the reasons explained below, By Kiy's assertion is baseless.

Nike's marks at issue in this case are the trade dress of Nike's iconic Air Jordan 1 sneakers. Nike first introduced those sneakers over thirty years ago. Since then, Nike has sold many millions of Air Jordan 1 sneakers bearing the asserted trade dress. The table below shows an example of a genuine Air Jordan 1 bearing the asserted trade dress next to one of By Kiy's sneakers that Nike accuses of infringement in this case.



| Genuine Air Jordan 1 | Accused By Kiy SNEAKER |
|---|---|

July 25, 2023
Page 3

To establish that its Air Jordan 1 trade dress is protectable, Nike applied for and obtained trade dress registrations from the United States Patent and Trademark Office ("USPTO"); namely U.S. Registration No. 6,368,694; U.S. Registration No. 6,368,691; and U.S. Registration No. 3,721,064.

Nike attached to its complaint in this case copies of those registration certificates, which show and describe the asserted Air Jordan 1 trade dress. Federally registered trade dress rights—like Nike's asserted trade dress here—are not only presumed protectable, but "should be afforded the utmost protection." *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 799 F.2d 867, 871 (2d Cir. 1986).

Despite this presumption, By Kiy contends that Nike was required to specifically plead in its complaint which elements of its federally registered trade dress are distinctive and how they are distinctive. But that is a requirement for *unregistered* trade dress, not *registered* trade dress.[1] Nike's federally registered trade dress is "presumed to be distinctive." *Id.*

The proper mechanism for By Kiy to attempt to overcome this presumption is on summary judgment or at trial, not in a late filed motion challenging the sufficiency of the pleadings. Indeed, after reviewing Nike's well-pleaded allegations in the complaint, By Kiy raised an affirmative defense asserting Nike's claims are barred on the basis that "the trade dresses at issue are generic[,]" *i.e.*, are not distinctive. ECF No. 53, 66. By Kiy has had ample opportunity to develop evidence in support of this affirmative defense, and Nike has produced substantial evidence to the contrary. *See, e.g.*, ECF No. 86, 2.

By Kiy's request to file the present motion is a clear attempt to avoid the weight of the evidence Nike produced supporting the distinctiveness of its federally registered trade dress. For example, to align its position with the court's decision in *Heller*, By Kiy baldly asserts that Nike's description of its asserted trade dress is "vague." But even a cursory review of By Kiy's answer makes clear that the same concerns regarding vagueness do not exist. In fact, By Kiy's answer makes repeated reference to the scope of Nike's trade dress, showing that By Kiy fully understands what Nike claims as its asserted trade dress. E.g., ECF No. 53, ¶ 33.

The Court should reject By Kiy's untimely request to file the present motion, which By Kiy concedes may delay trial. By Kiy fully understands the claims against it and will have its opportunity to attempt to rebut the distinctiveness and protectability of Nike's federally registered trade dress at summary judgment or at trial.

---

[1] Nike has addressed each of the cases cited by By Kiy in its opposition to the "analogous" motion filed by By Kiy's previous co-defendants. *See* Case No. 1:22-cv-10176-VM, ECF No. 74. In short, none of these cases support extending the pleading requirements for unregistered trade dress to registered trade dress or for disregarding the presumption of protectability and distinctiveness afforded to registered trade dress, like Nike's.

**Arnold & Porter**

July 25, 2023
Page 4

Best regards,

*Michael Gershoni*

Michael Gershoni