THE **DURRANT** LAW FIRM

July 27, 2023

<u>Via ECF</u>

Hon. Sarah L. Cave
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 18A
New York, NY 10007-1312

Re: *NIKE v. BY KIY, et al.* – 1:23-cv-02431-VM (S.D.N.Y.) – Emergency Motion Reply

Dear Judge Cave:

Nike's cynical opposition to the requested relief is made without any citation to law and in disregard for the rules that govern our profession. It invites a response that would invade the attorney-client privilege and thwart counsel's nonwaivable duties. (*See e.g.*, Nike Letter at p. 1 "By Kiy has provided Nike no reasonable basis as to why it cannot represent By Kiy during its deposition tomorrow.") As I told Arnold & Porter's associates when they called me after today's deposition demanding repeatedly and aggressively to know why I was withdrawing – I cannot tell them.

We cited rules which set out bases for *mandatory* withdrawal. NY Rules of Prof. Con. Rule 1.16(b)(1) ("a lawyer *shall* withdraw from the representation of a client when: (1) the lawyer *knows or reasonably should know* that the representation *will result in a violation of these Rules or of law*.") Nike ignores this citation and has not explained how counsel should be made to continue with a representation notwithstanding a basis for mandatory withdrawal, nor have they explained how a Court could lawfully order an attorney to defy his or her ethical obligations. There are also other bases for permissive withdrawal present in this case. NY Rules of Prof. Con. Rule 1.16(c). Nike has not explained how it can demand a "reasonable basis" from counsel for their withdrawal when that would require the disclosure of confidential information. *See* NY Rules of Prof. Con. Rule 1.6 ("a lawyer shall not knowingly reveal confidential information . . .").

Nike's lawless request to see an in camera submission in any manner is overreaching and suggests a degree of unfamiliarity with what counsel can say, even to courts in camera, when they withdraw, given confidentiality obligations.

Nike also misstates facts. This has been an unfortunate pattern. We had no choice but to appear and object at today's deposition of David Weeks, who was no longer represented by me or Mr. Kurtz. We could not control whether the deposition proceeded or did not. With a deposition underway, we needed to remain and interpose objections on the record; after all, we remain counsel for By Kiy and Mr. Arvinger and objections needed to be preserved. Moreover,

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com

the deposition itself revealed facts related to the mandatory withdrawal. Would Nike suggest that Mr. Kurtz and I have walked out of the deposition at some point? Nike does not offer any better practical alternative. And, obviously, defending your own client in a deposition in violation of the Rules of Professional Conduct would be an entirely different matter than what occurred today and would raise other issues.

The path we have taken is one that is based in the New York and California Rules of Professional Conduct, which are materially the same. Prior to my submission, I consulted my own counsel, who is an expert in legal ethics. We can explain the basis of our withdrawal further within limits provided by law, but only by an in camera submission. Please understand that if the requested relief were denied in whole or part for any reason, we would have to seek an immediate stay of the ruling and appeal.

Respectfully submitted,

**John Durrant, Esq.**
THE DURRANT LAW FIRM, APC

The Durrant Law Firm, APC
2337 Roscomare Road, Suite 2180
Los Angeles, California 90077

**Phone**: 424-273-1962
**Mobile:** 310-895-6318
**Email:** john@durrantlawfirm.com