UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIKE, INC.,

                Plaintiff,

-v-

BY KIY LLC, et al.,

                Defendants.

CIVIL ACTION NO.: 23 Civ. 2431 (VM) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

    Attorneys John Durrant ("Mr. Durrant") and Zakari Kurtz ("Mr. Kurtz") move to (i) withdraw as counsel for Defendants By Kiy LLC ("By Kiy") and Nickwon Arvinger ("Mr. Arvinger") (collectively, "Defendants") due to unspecified "facts that implicate [their] ethical duties and conclusively preclude [their] availability to continue to represent [By Kiy] and [Mr. Arvinger] in this case," and (ii) for a protective order to postpone Mr. Arvinger's deposition, which is scheduled to begin today, July 28, 2023. (ECF No. 106 (the "Motion")). The Motion was filed at 8:10 p.m. last night, July 27, 2023—the night before Mr. Arvinger's deposition was scheduled to commence—and was docketed as an "emergency letter motion." (Id.) Plaintiff Nike, Inc. ("Nike") opposed the motion at 11:30 p.m. (ECF No. 107), and a reply was filed this morning at 2:25 a.m. (ECF No. 108). The Motion does not specify the "facts" purportedly learned by Mr. Durrant and Mr. Kurtz at the eleventh hour that support either the request for withdrawal or the request for a protective order. This morning, at 8:08 a.m., the Court emailed the parties to inform them that, inter alia, the motion for a protective order was DENIED, that Mr. Arvinger's deposition shall proceed as scheduled, and that the Court would thereafter issue an order to that effect.

Under Federal Rule of Civil Procedure 26(c), "[a] party . . . may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  This rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).  "The burden of showing good cause for the issuance of a protective order falls on the party seeking the order."  Rep. of Turkey v. Christie's Inc., 312 F. Supp. 3d 385, 388 (S.D.N.Y. 2018) (citing Brown v. Astoria Fed. Sav. & Loan Ass'n, 444 F. App'x 504, 505 (2d Cir. 2011) (summary order)).  Good cause under Rule 26(c) requires "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."  Jerolimo v. Physicians for Women, P.C., 238 F.R.D. 354, 356 (D. Conn. 2006) (internal citations omitted).  "Ultimately, the appropriateness of protective relief from discovery depends upon a balancing of the litigation needs of the discovering party and any countervailing protectible interests of the party from whom discovery is sought."  Peddy v. L'Oreal USA Inc., No. 18 Civ. 7499 (RA) (JLC), 2019 WL 3926984, at *2 (S.D.N.Y. Aug. 20, 2019) (internal citations omitted); see Winfield v. City of New York, No. 15 Civ. 5236 (LTS) (KHP), 2018 WL 840085, at *4 (S.D.N.Y. Feb. 12, 2018) (explaining that "'the court ultimately weighs the interests of both sides in fashioning an order'") (quoting Duling v. Gristede's Operating Corp., 266 F.R.D. 66, 71 (S.D.N.Y. 2010)).

Defendants fail to meet this burden.  The two-page letter-motion and two-page letter in reply—both unsworn—do not contain a specific demonstration of facts to support a protective order preventing Mr. Arvinger's deposition from proceeding.  The Motion professes that

2

Defendants' counsel are no longer able to comply with various rules of professional responsibility while representing By Kiy and Mr. Arvinger, and states that unspecified facts exist to support the continuance of the deposition.  (See ECF Nos. 106; 108).  Defendants do not provide any information regarding:  (i) what facts now prevent their counsel from representing them, (ii) how it came to be that counsel learned of these facts only the night before Mr. Arvinger's deposition, and (iii) which ethical obligations would be violated if the representation continued.  As a purely evidentiary matter, Defendants have not met their burden to demonstrate that a protective order is warranted under these circumstances.  See Mills v. Steuben Foods, Inc., No. 19 Civ. 1178 (LGF), 2023 U.S. Dist. LEXIS 72292, at *9–10 (W.D.N.Y. Apr. 25, 2023) (upholding denial of motion for a protective order where plaintiff failed to provide a sworn statement in support and there was otherwise no "substantial justification" for the request); e.g., Bryant v. City of Hartford, No. 17 Civ. 1374 (VAB), 2020 WL 3619789, at *5 (D. Conn. July 2, 2020) (holding that, "[n]otwithstanding any alleged violation of the Local Rules of this District . . . Rule 26(c) [] guides the Court's decision as to a protective order.  Defendants therefore must establish 'good cause' for a protective order.  The Court finds that they have failed to do so here.  Defendants have not set forth any 'particular' or 'specific demonstration of fact' showing that a protective order . . . is warranted") (citations omitted); Argonaut Ins. Co. v. Goepfert, No. 76 Civ. 802 (CHT), 1980 U.S. Dist. LEXIS 15619, at *15 (S.D.N.Y. Dec. 9, 1980) (holding that "defendants have failed to establish 'good cause' for issuing a protective order, Fed. R. Civ. P. 26(c), by a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements") (citations omitted).

As a practical matter, the Court notes that this is the second eleventh-hour "emergency" application that Defendants have filed in the last three weeks, on the eve of the close of fact discovery.  (See ECF Nos. 79; 106).  This calls into question the credibility of Defendants' request for a protective order, which, as noted, does not contain any sworn statements or other evidentiary material of probative value.  While the Court is mindful that there may well be facts that complicate or preclude counsel's representation of By Kiy and Mr. Arvinger, Defendants nevertheless bear the burden of establishing good cause for a protective order, and merely averring in an unsworn letter that "facts" exist is not sufficient to meet that burden.

Accordingly, the Motion for a protective order is DENIED.

The request for Mr. Durrant and Mr. Kurtz to file a motion to withdraw as counsel is GRANTED as follows:

1. The motion to withdraw as counsel, with supporting declaration and exhibits, shall be filed by **August 4, 2023**.  To the extent that Defendants deem it necessary to submit any privileged documents for in camera review, the Court will email counsel with instructions for submitting the documents through the Court's file-share system.  The Court will not review in camera any non-privileged documents.

2. Nike's response to the motion to withdraw as counsel shall be filed by **August 11, 2023**.

3. Defendants' reply shall be filed by **August 18, 2023**.

The Clerk of Court is respectfully directed to close ECF No. 106.

Dated: New York, New York
July 28, 2023

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

5