UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____           │
│ DATE FILED: _7/28/2023_          │
└─────────────────────────────────┘
```

---

NIKE, INC.,

               Plaintiff,

       - against -

BY KIY LLC, et al.,

           Defendants.

---

**23 Civ. 2431 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Pending before the Court is an emergency objection filed by attorneys John Durrant ("Durrant") and Zakari Kurtz ("Kurtz" and with Durrant, "Defense Counsel"), counsel for defendants By Kiy LLC ("By Kiy") and Nickwon Arvinger ("Arvinger"). (See "Objection," Dkt. No. 109.) Defense Counsel challenge a ruling by Magistrate Judge Sarah L. Cave relating to a discovery order, dated July 28, 2023. (See "Discovery Order," Dkt. No. 110.) For the reasons set forth below, Defense Counsel's Objection is **OVERRULED**.

## I.   BACKGROUND[1]

In the instant matter, after several challenges to the scheduled depositions of defendants By Kiy, Arvinger, and David Weeks ("Weeks" and with By Kiy and Arvinger,

---

[1] The background is derived from the facts set forth in the parties' respective filings on Defense Counsel's emergency motion for a protective order (see "Emergency Motion," Dkt. No. 106; "Opposition," or "Opp.," Dkt. No. 107; "Reply," Dkt. No. 108) and Magistrate Judge Cave's July 28, 2023 Discovery Order (see Discovery Order).

"Defendants"), plaintiff Nike, Inc. ("Plaintiff") deposed defendant David Weeks ("Weeks") on July 27, 2023. While Weeks is not represented by Defense Counsel, during his deposition, Durrant and Kurtz learned information that purportedly implicated their professional and ethical duties with respect to their clients By Kiy and Arvinger, requiring their immediate mandatory withdrawal as counsel. Arvinger's deposition was scheduled for the following day, July 28, 2023 at 9:00 a.m.

On the evening of July 27, 2023, shortly following the conclusion of Weeks's deposition, Defense Counsel filed an emergency motion addressed to Magistrate Judge Cave, seeking a protective order to postpone Arvinger's deposition in order to give By Kiy and Arvinger sufficient time to retain new counsel and requesting permission to file a motion to withdraw as counsel under seal for *in camera* review and consideration. (See "Emergency Motion," Dkt. No. 106.) Plaintiff filed an opposition later that evening. (See "Opposition," or "Opp.," Dkt. No. 107.) And Defense Counsel filed a reply on the morning of July 28, 2023 at 2:25 a.m. (See "Reply," Dkt. No. 108.)

Before Magistrate Judge Cave issued a ruling on the Emergency Motion, Defense Counsel filed an emergency Objection in this Court, challenging Magistrate Judge Cave's

likely denial of their request for a protective order based on a prior communication with Magistrate Judge Cave's law clerk. (See Objection at 1.) Magistrate Judge Cave subsequently issued an order on July 28, 2023, denying Defense Counsel's Emergency Motion in part and granting it in part. (See Discovery Order at 4.) Specifically, Magistrate Judge Cave denied Defense Counsel's request for a protective order but granted their request to file a motion to withdraw as counsel for *in camera* consideration and ordering a briefing schedule on that motion. (See id.)

Shortly thereafter, on July 28, 2023, the Court learned from the parties by email that the deposition of Arvinger had begun at 10:00 a.m. on July 28, 2023 and would last eight hours.

## II.  LEGAL STANDARD

Magistrate judges have "broad discretion in resolving non-dispositive disputes." Marotte v. City of N.Y., No. 16 Civ. 8953, 2017 WL 11105223, at *1 (S.D.N.Y. Oct. 6, 2017) (internal quotation marks omitted) (quoting Am. Stock Exch., LLC v. Mopex, Inc., 215 F.R.D. 87, 90 (S.D.N.Y. 2002)). Generally, "[m]atters concerning discovery . . . are considered 'nondispositive' of the litigation." Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). A non-dispositive matter decided by a magistrate judge

will be "modif[ied]" or "set aside" only if the order "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). A ruling is "'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Am. Stock Exch., LLC, 215 F.R.D. at 90 (citing Derthick v. Bassett-Walker Inc., Nos. 90 Civ. 5427, 90 Civ. 7479, 90 Civ. 3845, 1992 WL 249951, at *8 (S.D.N.Y. Sept. 23, 1992)). Thus, "a magistrate judge's resolution of a discovery dispute deserves substantial deference." Moran v. Flaherty, No. 92 Civ. 3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992).

### III. DISCUSSION

As an initial matter, the Court finds that Defense Counsel's Objection to Magistrate Judge Cave's Discovery Order is moot. According to the parties, the deposition of Arvinger began on July 28, 2023 at 10:00 a.m., and by the time Magistrate Judge Cave's Discovery Order was docketed and this Court's Decision and Order is entered, Arvinger's deposition will be completed or close to completion. However, even considering the merits of Defense Counsel's Objection, the Court finds no reason to overturn Magistrate Judge Cave's

Discovery Order as it neither constitutes clear error nor is it contrary to law. See Fed. R. Civ. P. 72(a).

Pursuant to Federal Rule of Civil Procedure 26(c), upon a showing of "good cause," a court may "issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order bears the burden of establishing good cause. See Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004). To establish good cause, the moving party must make "specific and particular demonstrations of fact, not stereotyped or conclusory statements." Alfadda v. Fenn, 149 F.R.D. 28, 34 (S.D.N.Y. 1993). Moreover, a trial court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Gomez v. Resurgent Capital Servs., LP, 129 F. Supp. 3d 147, 152 (S.D.N.Y. 2015) (same).

Here, Magistrate Judge Cave considered the arguments advanced by Defense Counsel and properly determined that they failed to meet their burden of establishing good cause for the issuance of a protective order. Defense Counsel argued that their immediate withdrawal from the matter was necessary because they became apprised of facts during Weeks's deposition that implicated their ethical duties as By Kiy and

5

Arvinger's counsel. However, Magistrate Judge Cave accurately observed that Defense Counsel's briefing on the Emergency Motion, consisting only of an unsworn two-page letter motion and reply, was strikingly bereft of specific facts that would shed light on why an emergency protective order is warranted. Without any particular or relevant facts -- and only Defense Counsel's word that by continuing as counsel, their professional and ethical duties would be compromised -- a court would have to exercise the imagination to find that Defense Counsel satisfied their burden of establishing good cause.

Moreover, Magistrate Judge Cave further discerned that "this is the second eleventh-hour 'emergency' application that Defendants have filed in the last three weeks, on the eve of the close of fact discovery," which reasonably raises credibility issues concerning their request for a protective order. (Discovery Order at 4.)

Having reviewed Magistrate Judge Cave's Discovery Order, the Court does not find reason to stray from the decision. Magistrate Judge Cave's decision to deny the protective order was a proper exercise of her discretion, and the Court is not persuaded that the magistrate court clearly erred or that the Discovery Order was contrary to law. Accordingly, Defense Counsel's Objection is **OVERRULED**.

## IV.  ORDER

For the reasons stated above, it is hereby

**ORDERED** that the emergency objection (see Dkt. No. 109) to Magistrate Judge Sarah L. Cave's July 28, 2023 Order (see "Discovery Order," Dkt. 110) filed by attorneys John Durrant ("Durrant") and Zakari Kurtz ("Kurtz"), counsel for defendants By Kiy, LLC and Nickwon Arvinger, is **OVERRULED**; and it is further

**ORDERED** that the parties are directed to comply with the briefing schedule set forth in Magistrate Judge Cave's Discovery Order regarding Durrant and Kurtz's respective motions to withdraw as counsel. The Clerk of Court is respectfully directed to terminate the pending motion at Docket Number 109.


**SO ORDERED.**

Dated:    28 July 2023
          New York, New York

                                        Victor Marrero
                                          U.S.D.J.