August 11, 2023

**VIA ECF**

Hon. Sarah L. Cave
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 18A
New York, NY 10007-1312

      **Re**:    ***Nike Inc. v. By Kiy LLC et al.*, No. 1:23-cv-2431-VM-SLC (S.D.N.Y.)**

Dear Judge Cave:

      Nike Inc. ("Nike") opposes Defendants By Kiy LLC's and Nickwon Arvinger's (collectively, "By Kiy's") request for a 60-day adjournment of all proceedings and for an "immediate conference with the Court to understand, evaluate, and set forth new discovery deadlines in this action." ECF No. 145 ("Motion"), 2.

      By Kiy's Motion is its third "eleventh-hour 'emergency'" attempt to delay this case. *See* ECF No. 110, 4 ("[T]he Court notes that this is the second eleventh-hour 'emergency' application that Defendants have filed in the last three weeks, on the eve of the close of fact discovery."). The Court denied the previous two motions. This third Motion is similarly baseless.

      There is no reasonable justification for delaying this case, and in particular, the upcoming deadline to file opening expert reports. By Kiy claims that "[d]ue to confusion surrounding the aforementioned discovery deadlines, and of our primary concern as a result thereof, Kiy Defendants are not in a position to meet the August 15th expert disclosure deadline." Motion, 2. There is no confusion. As evident from its Motion, By Kiy is – and has been since April 7, 2023 – fully-aware of the August 15, 2023 deadline for opening expert reports. *See* ECF No. 75.

      New counsel for By Kiy entered appearances this week on August 7, 2023 – approximately one week before the opening expert report deadline. Neither By Kiy's original counsel nor its new counsel has attempted to explain why By Kiy's experts, if any, cannot finalize their opening expert reports before the August 15, 2023 deadline, which is two business days from now. If By Kiy retained experts and intended to submit opening expert reports, those experts would have started preparing their opinions and reports well before new counsel appeared this week, and they'd be in position to finalize their reports by the August 15, 2023 deadline.

      Moreover, By Kiy has failed to establish that it is without fault in creating the alleged emergency underlying its now third request for "immediate" relief. Nor can it reasonably do so. By Kiy retained new counsel because of alleged conflicts arising out of serious spoliation issues by the Defendants. *See, e.g.*, ECF Nos. 107, 133-136, 140. By Kiy should not be rewarded for its spoliation with an extension permitting it a do-over of discovery.

1

August 11, 2023
Page 2

By Kiy also incorrectly argues delay is justified to "allow counsel [for By Kiy] to come up to speed on the matter." But this is not a complicated case. Nike has federally-registered trade dress rights in its Air Jordan 1 sneaker design. By Kiy makes, promotes, and sells "Air Kiy" sneakers that look confusingly similar to Nike's trade dress, as shown in the example below. Moreover, there is still significant time between now and the close of expert discovery on October 26, 2023 (*i.e.*, 77 days from today). New counsel has plenty of time to come up to speed on this matter.



Accordingly, for the above reasons, Nike respectfully requests that the Court deny By Kiy's latest "eleventh-hour" attempt to delay this case.

Respectfully submitted,

*Michael Gershoni*

Michael J. Gershoni