USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/23/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIKE, INC.,

      Plaintiff,

v.

BY KIY, LLC,  NICKWON ARVINGER,
and
DAVID WEEKS,

      Defendants.

Case No. 1:23-cv-02431-VM

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

The Court, being advised that the Plaintiff Nike, Inc. ("Plaintiff") and Defendant David Weeks ("Defendant") stipulate and agree to the entry of a final and enforceable judgment against Defendant David Weeks on the terms set forth herein, enters this Order as a final and enforceable judgement in this matter against Defendant David Weeks.

**IT IS HEREBY ORDERED** that judgment is entered that Defendant admits that Plaintiff is the exclusive owner of the following registered trademarks and all related common law rights: U.S. Trademark Registration Nos. 3,725,535, 6,368,694, 6,368,691, and 3,721,064 (collectively, the "Asserted Marks," examples of which are shown below):

| The Asserted Marks | | | |
|---|---|---|---|
| Reg. No. 6,368,694 | Reg. No. 6,368,691 | Reg. No. 3,725,535 | Reg. No. 3,721,064 |
|  |  |  |  |

1

**IT IS FURTHER ORDERED** that judgment is entered that Defendant admits that the Asserted Marks are valid and enforceable;

**IT IS FURTHER ORDERED** that judgment is entered for Plaintiff and against Defendant on all counts in Plaintiff's Complaint [ECF No. 1], including:

(a)      Defendant infringed the Asserted Marks in violation of 15 U.S.C. §1114 and New York General Business Law § 133 by promoting, offering for sale, and/or selling the products at issue in this case (the "Infringing Products"), representative examples of which are shown in the table below;

(b)      Defendant used false designations of origin in violation of 15 U.S.C § 1125(a) by promoting, offering for sale, and/or selling the Infringing Products;

(c)      Defendant diluted the Asserted Marks in violation of 15 U.S.C. § 1125(c) and New York General Business Law § 360-L by promoting, offering for sale, and/or selling the Infringing Products;

(d)      Defendant violated Plaintiff's common law rights in the Asserted Marks by promoting, offering for sale, and/or selling the Infringing Products;

| The Infringing Products | | |
|---|---|---|
| Air Kiy '85 High (V1) | Air Kiy '85 High (V1.5) | Air Kiy '85 High (V2) |
|  |  |  |

| The Infringing Products (Continued) | | |
|---|---|---|
| Air Kiy '85 Low (V1) | Air Kiy '85 Low (V1.5) | Air Kiy '85 Low (V2) |
|  |  |  |

**IT IS FURTHER ORDERED** that Defendant, and his affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with Defendant, are hereby permanently enjoined from:

(a)     manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any products (including but not limited to the Infringing Products) bearing the Asserted Marks or any other marks, names, symbols, or logos which are likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any products that Defendant caused to enter the stream of commerce or any of Defendant's commercial activities are sponsored or licensed by Plaintiff, are authorized by Plaintiff, or are connected or affiliated in some way with Plaintiff or the Asserted Marks;

(b)     manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any products (including but not limited to the Infringing Products) bearing the Asserted Marks and/or confusingly similar marks;

(c)     implying Plaintiff's approval, endorsement, or sponsorship of, or affiliation or connection with, Defendant's products, services, or commercial activities, passing off Defendant's business as that of Plaintiff, or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Plaintiff and from otherwise

3

interfering with or injuring the Asserted Marks or the goodwill associated therewith;

(d)     engaging in any act which is likely to dilute the distinctive quality of the Asserted Marks and/or injures Plaintiff's business reputation;

(e)     representing or implying that Defendant is in any way sponsored by, affiliated with, or licensed by Plaintiff; and/or

(f)     knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities prohibited in (a) through (e) above;

**IT IS FURTHER ORDERED** that Defendant's Counterclaims against Nike are dismissed with prejudice;

**IT IS FURTHER ORDERED** that this Order terminates all claims asserted by Nike against Defendant in this action, and terminates all counterclaims asserted by Defendant against Nike in this action; and

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over the parties to the extent necessary to enforce the terms of this Order and the injunctive relief provided herein.

**IT IS SO ORDERED.**

**SIGNED AND ENTERED** this  23rd   day of August, 2023.

Victor Marrero
U.S.D.J.