UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC., <br><br> Plaintiff, <br><br> -v- <br><br> BY KIY LLC and NICKWON ARVINGER, <br><br> Defendants. | CIVIL ACTION NO. 23 Civ. 2431 (VM) (SLC) <br><br> **OPINION & ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Before the Court in this trademark infringement action arising under the Lanham Act, 15 U.S.C. §§ 1114, et seq., are post-deposition demands by Defendants By Kiy LLC and Nickwon Arvinger ("Defendants"), seeking additional discovery from Dr. Isabella Cunningham, an expert proffered by Plaintiff Nike, Inc. ("Nike"), and, implicitly, an extension of the expert discovery deadline. (ECF No. 189 (the "Requests")). For the reasons set forth below, the Requests are DENIED and the Court deems all fact and expert discovery CLOSED.

## II. BACKGROUND

### A. Factual Background

Briefly stated, Nike alleges that Defendants have infringed Nike's iconic "Air Jordan I" and "Dunk" sneakers by selling "illegal knockoffs." (ECF No. 1 (the "Complaint") ¶¶ 1, 4). Nike owns four U.S. Trademark Registrations relating to the Air Jordan I trade dress and two U.S. Trademark Registrations relating to the Dunk trade dress (collectively, the "Asserted Marks"). (Id. ¶¶ 25, 30). Nike alleges that Defendants have "wrongfully capitalized on the fame of Nike

1

and its Asserted Marks by making, promoting, advertising, marketing, and selling in the United States footwear bearing the Asserted Marks and/or confusingly similar marks" under the names "Air Kiy" and "Air Reves." (Id. ¶¶ 33–34). In its Complaint, Nike asserts claims for trademark infringement, false designation, and trademark dilution under the Lanham Act (id. ¶¶ 78–101), and for trademark infringement and dilution under New York law. (Id. ¶¶ 102–22).

B. **Procedural Background**

On November 30, 2022, Nike filed the Complaint, and on February 13, 2023, Defendants filed an answer and counterclaims which seek cancellation of the Asserted Marks. (ECF No. 53).[1] On April 7, 2023, the Honorable Victor Marrero adopted the parties' proposed case management plan, which set a fact discovery deadline of July 25, 2023 and an expert discovery deadline of October 20, 2023. (ECF No. 75 (the "CMP")). The action was referred to the undersigned for general pretrial management. (ECF Nos. 84).

As the fact discovery deadline approached, Defendants raised two eleventh-hour "emergency" applications for protective orders (ECF Nos. 79; 106), both of which the Court denied. (ECF Nos. 89; 110). See Nike, Inc. v. By Kiy LLC, No. 23 Civ. 2431 (VM), 2023 WL 5110557 (S.D.N.Y. July 28, 2023).[2] On August 22, 2023, the Court granted the request of Defendants' former counsel to withdraw due to alleged conflicts of interest and other ethical concerns. (ECF No. 155). Following a conference on August 29, 2023, the Court modified the expert

---

[1] Nike initially also named as Defendants David Weeks; Reloaded Mech LLC; Bill Omar Carrasquillo; and Xiamen Wandering Planet Import and Export Co., Ltd. (ECF No. 1 ¶¶ 3–9). On joint motion of the parties, this action, originally docketed under case number 22 Civ. 10176 (VM), was severed, opened as a new action, and assigned case number 23 Civ. 2431 (VM). (ECF No. 67). On August 23, 2023, Nike and Mr. Weeks entered into a Consent Judgment and Permanent Injunction, following which Mr. Weeks was dismissed from the case. (ECF No. 157).

[2] Internal case citations and quotation marks are omitted unless otherwise indicated.

discovery deadlines, requiring the parties to complete expert depositions by November 22, 2023, and file a joint letter certifying the completion of expert discovery by November 29, 2023. (ECF No. 160 (the "Aug. 29 Order"); see ECF No. 186 (noting that "[t]he deadline for completion of expert discovery remains November 29, 2023")). The Court held additional discovery conferences on September 20, 2023 and November 17, 2023. (ECF min. entries dated Sept. 20, 2023, Nov. 17, 2023)).

In a report dated August 14, 2023, Nike's expert Dr. Cunningham discussed two "pilot studies" she performed as precursors to a "likelihood of confusion" survey regarding Nike's and Defendants' sneakers. (ECF No. 191-1 (the "Report")). Dr. Cunningham explained that she used the "pilot studies before launching the actual survey to evaluate and ensure that the questionnaire accurately addresses the research questions," i.e., "whether the trade dress of BY KIY high top sneakers causes a likelihood of confusion with the trade dress of NIKE's Air Jordan I high top sneakers among the relevant public." (Id. at 11). Dr. Cunningham collected data for the pilot studies from July 24–25, 2023 and July 25–26, 2023, but "[a]ll pilot study results were discarded, and none were included in the analysis and database production of the final survey results." (Id. at 12). The pilot studies identified four potential limitations or deficiencies, which she "addressed and corrected in the soft launch of the survey." (Id. at 13). Dr. Cunningham then conducted the likelihood of confusion survey from July 26–28, 2023. (Id. at 15).

On November 27, 2023, Defendants deposed Dr. Cunningham. (ECF No. 191-3). Dr. Cunningham testified that she "used [the] two pilot surveys to assist [her] in developing the final survey," but disclaimed that she "relied on the results of [the] two pilot surveys" to form her opinion. (ECF No. 191-3 at 3–4; see id. at 5 ("Q. So the results of the pilot survey, are they

3

included in the . . . formulation of your opinion in this matter?  A. No.")).  During the deposition, Defendants' counsel called for "the production of all documents, reports and data [to] be collected from" the pilot surveys.  (Id. at 6–7).  On December 1, 2023, Defendants served a post-deposition demand on Nike seeking:  (1) "All documents, communications, data and other documents related to the questionnaire[,] [sic] images and data used for and collected from the first pilot survey"; and (2) "All documents, communications, data and other documents related to the questionnaire[,] [sic] images and data used for and collected from the second pilot survey" (the "Pilot Survey Documents").  (ECF No. 191-2 (the "Letter")).

On December 4, 2023, the parties filed a joint letter in which Nike certified that all discovery was complete, but Defendants asserted that their post-deposition demands for the Pilot Survey Documents remained outstanding such that expert discovery was not complete. (ECF No. 189; see ECF No. 186 (permitting parties to file letter by Dec. 4, 2023)).  On December 7, 2023, at the Court's instruction, the parties submitted the Report, the Letter, and relevant excerpts of Dr. Cunningham's deposition.  (ECF Nos. 190; 191 – 191-3)).  The same day, the parties submitted a joint letter in which Defendants asserted that "Dr. Cunningham's testimony concerning the two pilot surveys was unforeseeable such that By Kiy would not have otherwise made the subject demands," while Nike asserted that the Requests "are untimely and exceed the scope of expert disclosures and discovery under Rule 26."  (ECF No. 192).

### III.   DISCUSSION

#### A. Legal Standards

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  The "good cause" inquiry "is primarily focused

4

upon the diligence of the movant in attempting to comply with the existing Scheduling Order and the reasons advanced as justifying that Order's amendment." Ramchandani v. CitiBank Nat'l Ass'n, 616 F. Supp. 3d 353, 357 (S.D.N.Y. 2022). The movant bears the burden to show good cause. See Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC, 282 F.R.D. 76, 79 (S.D.N.Y. 2012).

Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose the identity of its expert and to accompany the disclosure with a written report that contains, inter alia, "the facts or data considered by the witness in forming [her opinions.]" Fed. R. Civ. P. 26(a)(2)(B)(ii). In the 2010 amendments to the Rules, the "facts or data" language replaced the earlier formulation requiring disclosure of "data or other information." Fed. R. Civ. P. 26(a)(2)(B), Adv. Cmte. notes to 2010 amend. The Advisory Committee explained this change as follows:

> The refocus of disclosure on "facts or data" is meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel. At the same time, the intention is that "facts or data" be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients. The disclosure obligation extends to any facts or data "considered" by the expert in forming the opinions to be expressed, not only those relied upon by the expert.

Id. Rule 26(b)(4), however, protects from disclosure "drafts of any report or disclosure required under Rule 26(a)(2)," Fed. R. Civ. P. 26(b)(4)(B), and "communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B)." Fed. R. Civ. P. 26(b)(4)(C). The expert's draft is protected from disclosure "regardless of the form in which the draft is recorded." Fed. R. Civ. P. 26(b)(4)(B); see Fed. R. Civ. P. 26(b)(4), Adv. Cmte. n. to 2010 amend. (explaining that protection from disclosure "applies regardless of the form in which the draft is recorded, whether written, electronic, or otherwise").

5

B. <u>Application</u>

Defendants' Requests raise two questions: (1) whether the Pilot Study Documents are subject to disclosure under Rule 26, and (2) if so, whether Defendants have shown good cause to extend the expert discovery deadline to permit disclosure of the Pilot Study Documents. The Court answers both questions in the negative.

First, the Court finds that the Pilot Study Documents were not "facts or data considered by" Dr. Cunningham "in forming [her opinions.]" Fed. R. Civ. P. 26(a)(2)(B)(ii). As the Report states, "[a]ll pilot study results were discarded, and <u>none were included in the analysis</u> and database production of the final survey results." (ECF No. 191-1 at 12 (emphasis added)). The Report makes clear that the opinions Dr. Cunningham formed were based on the results of the subsequent likelihood of confusion surveys that she conducted, not the Pilot Study Documents. (<u>See</u> <u>id.</u> at 34–35 (stating opinion that "[t]he results of the two likelihood of confusion surveys I conducted clearly indicate that the 'relevant public' in the United States . . . are confused as to the source, affiliation, and permission between the By KIY high top sneakers and the NIKE Air Jordan I high top sneakers.")). In addition, Dr. Cunningham testified that she did <u>not</u> rely on "the results of [the] two pilot surveys" to "form[] the basis of [her] opinion in this matter." (ECF No. 191-3 at 3–4). Rather, the Pilot Study Documents are the type of "draft report[] or disclosure[]" that Fed. R. Civ. P. 26(b)(4)(B) protects. <u>See</u> <u>In re Elysium Health-ChromaDex Litig.</u>, No. 17 Civ. 7394 (LJL), 2021 WL 1249223, at *3 (S.D.N.Y. Apr. 5, 2021) (denying request to compel disclosure of expert's "draft and unreported calculations that he prepared in the drafting process"). Accordingly, Rule 26 does not require disclosure of the Pilot Study Documents.

Second, even if Rule 26 required disclosure of the Pilot Study Documents, the Court finds that Defendants have not shown good cause to further extend the expert discovery deadline. Defendants' assertion that Dr. Cunningham's testimony concerning the Pilot Study Documents "was unforeseeable" (ECF No. 192) is simply not credible given that Defendants had the Report, which discusses the Pilot Study Documents, for more than three months before Dr. Cunningham's deposition. (ECF No. 191-1 at 36). See Zelaya v. Tutor Perini Corp., No. 16 Civ. 272 (AJN), 2017 WL 4712421, at *3 (S.D.N.Y. Sept. 28, 2017) (finding a lack of good cause where, "[a]lthough a deposition on October 27, 2016, one day before discovery closed, spurred [plaintiff] to make some of the discovery requests at issue, he knew of his need for other documents well in advance of October 28, 2016"); Gucci Am., Inc. v. Guess?, Inc., 790 F. Supp. 2d 136, 142 (S.D.N.Y. 2011) (denying request for discovery where plaintiff "knew of its need for information . . . well before the fact discovery deadline"); see also Hyundai Merch. Marine v. U.S., No. 89 Civ. 2025 (PKL), 1992 WL 204360, at *1 (S.D.N.Y. Aug. 10, 1992) (denying motion to compel discovery where "[p]laintiffs suggest no good reason why they waited until the day before the discovery deadline to request information they had known about for at least a month"). In addition, as the procedural history set forth above reflects, Defendants' history of eleventh-hour discovery emergencies (see ECF Nos. 89; 110), further prevents the Court from finding that they have demonstrated good cause for yet another last-minute request.

### IV.    CONCLUSION

For the reasons set forth above, Defendants' Requests are DENIED and the Court deems all fact and expert discovery CLOSED. The parties are directed to follow Judge Marrero's Individual Practices for dispositive motions.

Dated: New York, New York
December 8, 2023

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge

8